THE STATE OF MISSOURI *ex rel.* ROBERT WHITE *et al.*, Directors of School District Number 7, Township 3, Range 10, West, Appellants, v. JAMES T. LOCKETT, Respondent.

St. Louis Court of Appeals, May 2, 1893.

1. **Pleading**: MANDAMUS.  When, in a proceeding by *mandamus*, the pleading filed by the relator to the return of the defendant merely denies the allegations of the return and tenders no new issue, no further pleading on the part of the defendant is required.

2. **School District**: ANNEXATION OF ADJOINING DISTRICT: REQUISITE ACTION BY BOARD OF DIRECTORS.  It is essential to the validity of proceedings, under section 8097 of the Revised Statutes for the annexation of a school district to an adjoining district, that the meeting held. in the former district to vote upon the proposition of annexation shall be ordered by the board of directors of that district.  And the corporate action of that board is necessary; assent given by the members of the board separately and individually will not suffice.

3. ———: ———: PROOF OF ACTION OF BOARD OF DIRECTORS.  *Held*, in the course of discussion, that the action of the board of directors in calling such meeting can only be shown by the record which the statute requires the clerk of the board to make.

*Appeal from the Knox Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*L. F. Cottey*, for appellants.

*O. D. Jones*, for respondent.

BIGGS, J.—This is an appeal from the judgment of the circuit court denying a peremptory writ of *mandamus*. The relators are the directors of village school district number 7, of Knox City, Knox county, Missouri. The defendant is the county clerk of the county. Upon the petition of the relators an alternative writ of *mandamus* was issued, in which it was alleged in substance that sub-schooldistrict number 4 in said county adjoined said village district and that the inhabitants of the subdistrict, being desirous of having the territory composing their district annexed to the village district, ten qualified voters of such subdistrict signed and presented a petition to the board of directors thereof, asking that a special meeting be ordered for the purpose of voting on the proposition of annexation; that, upon the reception of the petition, the said board of directors ordered that the vote be taken at the annual school meeting to be held on April 5, 1892, and that notices to that effect were posted in five public places in the subdistrict at least fifteen days prior to the date of said meeting; that pursuant to said notices all of the qualified voters of the sub-schooldistrict assembled in the schoolhouse in the district on the fifth day of April, 1892, and organized by electing a chairman and secretary, when the proposition to annex the subdistrict to the village district was submitted by ballot to the qualified voters there assembled, which resulted in sixteen votes being cast for such annexation and fifteen votes against it; that thereupon the secretary of the meeting certified the proceedings thereof to the board of directors of the subdistrict and also to the board of the village district; that afterwards on the ninth day of April, 1892, at a meeting called for that purpose, the directors of the village district unanimously decided in favor of the proposition of annexa-

tion, and ordered the boundary lines of their village district to be changed so as to include the territory of the subdistrict, and that immediately thereafter the said board of directors notified the clerk of the subdistrict of its action in the premises.

It was then averred that on the fourteenth day of May, 1892, the relators made an estimate of the amount of levy necessary for the current and other necessary expenses of their school district for the year 1892, which, together with a copy of the record of the action of the relator's board in reference to the change of the boundary lines of the district, was forwarded to the defendant; that the defendant was requested to extend the levy upon the school tax books of Knox county on all the taxable property within the boundary lines of the village district as then constituted, which the defendant failed and refused to do.

In the return to the alternative writ the defendant admitted that the relator's board of directors had made and forwarded to him the levy as alleged, and that he had refused to extend the tax against the property within the limits of district number 4; but he denied that the board of directors of said subdistrict had received a petition asking for the annexation of the district to that of the relators as alleged in the alternative writ, or that the board of said district number 4 had ordered a special meeting for the purpose of voting on such a proposition, or that such board had notices to ordered be posted of such meeting as averred.

In further defense of his action in the premises, the defendant alleged that the acting board of directors of the subdistrict denied the legality of the alleged proceedings for annexation for the reasons heretofore stated; that they made and certified to him a levy for school purposes for their district for the year 1892; that he could not lawfully extend both levies; and

that, as the relators had failed to furnish to him satisfactory evidence of the alleged annexation, he extended the tax as certified by the acting directors of district number 4. The return contains other matters which we need not notice.

The relators filed a replication denying the affirmative matter set forth in the return, but it tendered no new issue of fact.

The first question presented is one of pleading. Our statute regulating proceedings by *mandamus* (Revised Statutes, 1889, chapter 105) provides: "Section 6812. When any writ of *mandamus* shall be issued, and return shall be made thereto, the person suing out or prosecuting such writ shall plead to or traverse all or any of the material facts contained in such return.

"Section 6813. The persons making such return shall reply, take issue or demur to the pleading of the party suing out or prosecuting such writ."

The argument of counsel for appellants is that, under a proper interpretation of the foregoing sections of the statute, common law and not code pleading must be applied in *mandamus* proceedings. The point is made that the circuit court committed error in overruling the motion of the relators for judgment under the pleadings, the defendant having failed to plead to what counsel denominates "the answer of the relators." If it be conceded that code pleading is inapplicable, the relators were not entitled to a judgment as asked, unless their last pleading tendered a new and controlling issue of fact. This it did not do. Under either system of pleading, the cause being at issue on the facts, no other pleadings by way of traverse could be made. We will, therefore, overrule this assignment of error.

The evidence adduced by the relators to prove that the board of directors of sub-schooldistrict number 4 ordered a special meeting for the purpose of voting on the question of annexation, and authorized notices to be posted to that effect, was entirely oral. It was to the effect that one of the directors circulated a petition for that purpose and secured thereon the signatures of at least ten qualified voters of the district; that he presented the petition to the other directors separately; that they each informed him that they were opposed to the scheme, but each signified a willingness for him to proceed; that thereupon he posted the notices in five different places in the district, and that pursuant to the notices the meeting was held and the vote taken. There is no pretense that the board met and took any action as a board. The circuit court held this evidence to be incompetent and insufficient, and the relators assign this ruling of the court for error.

Section 8097 of the Revised Statutes of 1889 reads: "Whenever an entire school district or a part of a district adjoining any city, town or village school district, desires to be attached thereto for school purposes, upon the reception of a petition setting forth such fact and signed by ten qualified voters of such district, the board of directors thereof *shall order* a special meeting for said purpose, by posting notices in five public places within the district, for fifteen days prior to the day of such meeting. Said meeting shall be held at two o'clock P. M. on the day specified in the notices, and when assembled the meeting shall be organized by the election of a chairman and a secretary, who shall keep a correct record of the transactions of said meeting, and, should a majority of the votes cast favor such annexation, the secretary shall certify the fact, with a copy of the record, to the board

of said district and to the board of said city, town or village school district; whereupon the board of such city, town or village district shall meet to consider the advisability of receiving such territory, and, should a majority of all the members of said board favor such annexation, the boundary lines of such city, town or village school district shall from that date be changed so as to include said territory, and said board shall immediately notify the clerk of said district which has been annexed, in whole or in part, of its action."

The statute relating to the organization of the boards of directors of the several school districts in the state (Revised Statutes, 1889, section 7990) provides: "The directors shall meet within four days after the annual meeting at some place within the district, and organize by electing one of their number president; and the board shall, on or before the fifteenth day of July, select a clerk who shall enter upon his duties on the fifteenth day of July; but no compensation shall be allowed such clerk until all reports required by law and by the board have been duly made and filed. A majority of the board shall constitute a *quorum* for the transaction of business: *Provided*, each member shall have due notice of the time, place and purpose of such meeting; and, in case of the absence of the clerk, one of the directors may act temporarily in his place. The clerk shall keep a correct record of the proceedings of all the meetings of the board. No member of the board shall receive any compensation for performing the duties of director."

We think that the action of the court in excluding the relator's evidence was right. The statute clearly provides that the directors of a school district in ordering a special meeting for the purposes herein stated must act as a board, and not as individuals. Corporate action is required; therefore, individual action is of

no avail. *Johnson v. School District*, 67 Mo. 319; *State ex rel. etc., v. Tiedemann*, 69 Mo. 515; *Kane v. School District*, 48 Mo. App. 408; *Finley Shoe Co. v. Kurts*, 34 Mich. 89; *Shackelford v. Railroad*, 37 Miss. 202.

Even though the proof offered had shown a meeting of the directors of the district for the purpose of taking action on the petition, the action of the board thereon could only have been shown by the record, which the statute required the clerk of the board to make. *City of Lowell v. Wheelock*, 11 Cush. 393; *Sheckert v. City of Saginaw*, 22 Mich. 104; *Morrison v. City of Lawrence*, 98 Mass. 219; *Bank of United States v. Dandridge*, 12 Wheat. 69; *Bank of United States v. Fillebrown*, 32 U. S. 28.

As the relators failed to show that the board of directors authorized the vote on the question of annexation on the day of the annual meeting, and that the notices were posted in obedience to the order of such board, it necessarily follows that the vote on the question was without authority and amounted to nothing. This is decisive of the case, and renders the discussion of other questions presented in the briefs unnecessary.

The judgment of the circuit court will be affirmed. All the judges concur.