**CONNOR et al. v. TEMM.**

Nos. 28786, 28788.

St. Louis Court of Appeals.

Missouri.

July 20, 1954.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 10, 1954.

542

Ziercher & Tzinberg, Herbert W. Ziercher, F. William Human, Jr., Clayton, for appellants-respondents.

Lee, Fricke & Lee, John A. Wolf, St. Louis, for respondent-appellant.

ARONSON, Special Judge.

This is a suit by two brothers, as the executors of their mother's estate, to recover the sums withdrawn from two bank accounts, after the death of their mother and testatrix, by defendant, their sister, in whose name, jointly with the mother, the accounts had been opened. The theory of the amended petition is that while the accounts were joint accounts in form, actually they were opened for the convenience of the mother and solely with her funds, and without intention that they would become the property of the daughter, and, therefore, that the daughter was in a fiduciary capacity and was not a co-owner, with rights of survivorship.

The suit was brought in two counts, the first involving a checking account at the Jefferson Bank & Trust Co., with a balance of $1,495.89, and the second involving a savings account at the Mercantile-Commerce Bank & Trust Co., with a balance of $4,037.04. (The total amount of the two accounts is within the jurisdictional limits of this court.) The verdict of the jury was in favor of the executors on Count I and was against them on Count II. Cross-appeals have been taken from the judgment entered on said verdict.

Since all parties have appealed from the judgment of the Circuit Court, and each is an appellant on some phase of the case, as well as a respondent on some other phase, we shall avoid confusion by referring to the parties as plaintiffs and defendant, as they were in the trial court.

In the view we take of the case it is logical and desirable that we first consider and rule upon the issues presented on defendant's appeal. She obviously was not aggrieved by the verdict and judgment in her favor on Count II of the petition, and her claims of error may be considered as directed only to the judgment against her on Count I. The issues on the two counts were quite similar, and they were tried simultaneously, and yet it will simplify the issues if we confine our present discussion to Count I; accordingly, we do so.

For brevity, also, we shall omit reference to the considerable quantity of extraneous and irrelevant evidence as to family dealings which so greatly enlarged the record in this case. The essential facts are simple.

The evidence showed that the checking account in the Jefferson Bank was opened in January, 1928 in the names of Mrs. T. Connor and/or Mrs. M. Connor Temm, as a change from a prior individual account of Mrs. Connor to a joint account. The "Depositor's Agreement" then signed reads as follows:

"Depositor's Agreement.

"St. Louis, Mo. Jan. 30 1928

"The undersigned hereby open an account with the Jefferson Bank of St. Louis (subject to the present and future rules of said bank concerning accounts), in the names of Mrs. T. Connor and/or Mrs. M. Connor Temm payable to either or the survivor.

"And the undersigned hereby declare and agree with each other, and said bank, as follows:

"1. That all sums deposited or credited to said account are and shall be the joint moneys or property of the undersigned, payable on the check of either or the survivor, and that the amount to the credit of said account on the death of either is and shall be the sole and absolute property of the survivor and payable on the check of such survivor.

"2. That said bank may pay all checks drawn against said account by either of the undersigned, and presented for payment within five days after written notice to the bank of the death of the drawer, which checks the bank is hereby expressly authorized to so pay after the death of the drawer, and the right of the survivor in, or to check against, funds to this account is subject to the payment of said checks as aforesaid.

"Sign here

"(S) Mrs. T. Connor

"Sign here

"(S) Mrs. Margaret Connor Temm."

The bank's cashier testified that if parties so desired, its custom and practice would have permitted the opening of an individual account, with right of withdrawal by a second person as agent of the depositor, without survivorship rights.

This checking account was "active" with charges and credits from time to time, and remained so until Mrs. Connor's death, which occurred on February 9, 1946. On that date the balance on deposit was $2768.-70, but subsequently defendant made withdrawals in payment of funeral bills, monument, drugs and safe deposit box rental, whereby the balance was reduced to $1,495.-89. No complaint is made by plaintiffs as to these withdrawals, and the amount in controversy on Count I is $1,495.89.

Almost five years after Mrs. Connor's death, the parties herein and their attorneys met on January 2, 1951, in the safe deposit department of Mercantile-Commerce Bank & Trust Company to ascertain if there was a will in the decedent's box. Such a will, executed in 1923, was found, and subsequently letters testamentary under said will were granted to plaintiffs by the Probate Court of St. Louis County. Within a few days after this meeting of January 2, 1951, and before administration on the estate was begun, defendant, on the advice of counsel, withdrew the balance from the checking account in the Jefferson Bank (as she also did with the savings account in the other bank.)

Both plaintiffs testified in substance that while all the parties and counsel were at the safe deposit department on January 2, 1951, a conversation ensued between Mr. Ziercher, plaintiffs' attorney, and the defendant, in the course of which defendant said that the money in the joint bank accounts came from the mother's account, that the purpose of the account was to pay her mother's bills and for tax purposes and that she made no claim as survivor but the account belonged to the estate.

Defendant in her testimony agreed that she had said that the money in the accounts came from her mother's funds and that the account was established for convenience in paying her mother's bills and for tax purposes, which she said meant that her mother wanted no inheritance tax to be payable on the balances in the accounts on her death. She denied that she had said she made no claim as survivor; and her attorney, Mr. Lee, testified, as she did, that no question was asked nor answer given on that issue.

Defendant's principal contention now is that the trial court erred in overruling her motion for a directed verdict at the close of all the evidence and in failing to enter judgment in her favor.

█ It goes without saying that it is our duty to follow the last and controlling decision of the Supreme Court of this state on any proposition of law. Const. of Mo.1945, Art. 5, § 2, V.A.M.S., Von Der Haar v. City of St. Louis, Mo.App., 226 S.W.2d 376. The performance of our duty in this instance is made easier by the fact that there is no doubt as to what case is the last word by our Supreme Court on the subject-matter involved herein, to-wit: Commerce Trust Co. v. Watts, 1950, 360 Mo. 971, 231 S.W.2d 817.

Although that case was in form an interpleader action, the contest, as here, was between an executor of a decedent and the surviving person in whose name, jointly with the decedent, a bank account had been established. The money in the account had come solely from the deceased as here. The trial court and the Kansas City Court of Appeals, 222 S.W.2d 937, had ruled in favor of the executor; but the Supreme Court, Division No. 1, in an opinion by Judge Conkling reversed these rulings and directed entry of judgment for the survivor-claimant.

Because counsel for plaintiffs seem not to appreciate the significance of this Watts case, we shall give it extensive analysis. Many prior cases involving joint accounts had been adjudicated in Missouri.

However, no prior Missouri case, the court stated, had ever treated or considered the question of the application of the parol evidence rule to written contracts covering joint bank accounts.

The statute reads now, as when the Watts case was decided, Section 363.740 RSMo 1949, V.A.M.S., in part:

"When a deposit (in a Trust Company) shall have been made by any person in the name of such depositor and another person and in form to be paid to either, or the survivor of them, such deposit thereupon and any additions thereto made, by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to either during the life time of both, or to the survivor after the death of one of them."

A comparable provision as to banks may be found in Section 362.470 RSMo 1949, V.A.M.S.

There was a written agreement between the trust company, defendant Watts, and the deceased, one Crandall. The trial court admitted parol evidence from which it made a finding that the account was opened for the convenience of Crandall so that Mrs. Watts could draw checks on it for the accommodation of Crandall and it was not intended that Mrs. Watts should have any interest in the account. She argued on appeal that parol evidence was not admissible to contradict, vary or change the intention shown by the parties in their written agreement.

The court noted that joint bank account deposit agreements create joint tenancies with rights of survivorship and fixed ownership of the account with attendant rights; and said 231 S.W.2d loc.cit. 820:

"* * * We do not find that this exact question of whether such a writing is a valid contract as between the depositors has been either raised or

ruled in Missouri but there is eminent authority that these written joint deposit agreements are contractual in nature and effect and that each of the joint depositors who sign them acquire rights therefrom which the courts will enforce. (Citing authorities.) We rule that this joint deposit agreement was a binding valid contract betwen the parties signatory thereto. The provision in the written contract of deposit which gave the appellant the unlimited right of withdrawal of the money in the account is donative in nature and evidenced the intention of Crandall to make a gift in praesenti. The contract itself supplies all the formalities necessary to render the gift effective."

Then the court proceeded to hold the parol evidence rule to be applicable; quoting again from 231 S.W.2d at page 820, it was said:

"* * * That no one may be heard to say that an actual agreement made by the parties is not reflected in their unambiguous written contract, the courts, by the application of the parol evidence rule, have uniformly held that, in the absence of fraud, duress, mistake or mental incapacity, an integrated unambiguous contract may not be varied, and a new and different contract substituted by parol evidence. Employers' Indemnity Corp. v. Garrett, 327 Mo. 874, 38 S.W.2d 1049; Malloy v. Jones, 351 Mo. 1211, 175 S.W.2d 776. The agreement of the contracting parties merges in their written instrument and (except in certain instances not appearing here) is not subject to be varied by oral testimony or extrinsic circumstances. The parol evidence rule is one of substantive law. It is not a rule of evidence. In a proper case for the application of the rule, even if the parol evidence be received without objection, it must be ignored. The writing itself becomes and is the single and final memorial of the understanding and intention of the parties. 32 C.J.S., Evidence, § 851, p. 784."

Having ruled that a contract of joint deposit constituted no exception to the parol evidence rule, the court commented on numerous prior cases, observing that "heretofore the Missouri courts have not been asked to consider these joint bank account cases from the standpoint of the formality involved in opening such accounts." 231 S.W.2d loc.cit. 821. Case after case was mentioned and held to be no authority on the question of applying the parol evidence rule.

We have discussed this case in extenso because it marks something of a departure from all earlier Missouri cases on joint bank accounts. For the first time, it introduces a new element, never before presented in a Missouri opinion: the bar of the parol evidence rule to the consideration of a contention that the intention of the parties was other than as stated in their solemn contract.

There is no later decision by our Supreme Court in which the Watts case is commented upon. We have come upon a review of it in a very recent Annotation in 33 A.L.R. 2d 569; loc.cit. 578–579 (written after the trial below, not yet noted in the Citator and not mentioned in the briefs herein) in which it is said:

"A marked distinction, as regards the admissibility of parol evidence, between joint bank accounts which are opened with an accompanying agreement signed by both depositors, and those opened without the accompanying agreement, was made by the court in Commerce Trust Co. v. Watts, 1950, 360 Mo. 971, 231 S.W.2d 817, where a joint account had been opened in the names of the depositor and co-depositor, and they had executed an agreement with a survivorship provision which stipulated that the account should be subject to check by either of them. While recognizing that under the Missouri statutes, joint accounts made payable to either or survivor, if not accompanied by an agreement between the parties, raise a rebuttable presumption of joint ownership of the deposit, the court held the

parol evidence rule applicable where there was such an agreement. The court said: 'Conceding that the above deposit agreement was a valid contract between the depositors and the bank, respondent contends "that parol evidence rule is inapplicable because the deposit agreement is neither a valid contract (as between the two depositors) nor a transfer of a present interest." We cannot agree to that contention * * Under the circumstances here that writing did more than raise a mere presumption. It actually fixed the ownership of the account in the persons therein named (Crandall and Mrs. Watts) with attendant rights of survivorship * * *. The cases do not indicate that heretofore the Missouri courts have approached these joint bank account cases from the standpoint of the formality involved in opening such accounts. They may be opened in different ways. Banking practices seem to vary with different banks * * As to these facts, however, where this contract was executed which so unequivocally and unambiguously reflects the entire engagement of the parties, and where the intention of the parties appears so crystal clear from the words they use in the contract, we cannot escape the conclusion that this contract and these facts present no recognized exception to the parol evidence rule. If no written contract had been executed, and if the intention of the parties was determinable only by parol evidence, we might well have a wholly different situation from that shown by this record. But we cannot close our eyes to the formalities observed here nor can we ignore the intent of the contracting parties as they themselves expressed it. Under the circumstances here neither parol evidence nor extrinsic circumstance was admissible to contradict or vary the intention of the parties expressed in their solemn contract.' "

■ The written contract in this case is not identical in language with that in the Watts case, but it does constitute an unambiguous agreement for joint ownership, with rights of survivorship. (Exh. E, supra.) It is not attacked for fraud, duress, mental incapacity, undue influence, or any other reason that would invalidate it as a contract. Following the Watts case, we must hold that its terms and provisions may not be varied by testimony indicating the intention of the parties to have been to the contrary of what they then declared in writing.

■ In this connection, we might recall again the holding in the Watts case, supra, that the parol evidence rule is one of substantive law and not merely a rule of evidence (see also Warinner v. Nugent, 362 Mo. 233, 240 S.W.2d 941, 26 A.L.R.2d 278) ; and, therefore, it must be applied irrespective of whether proper objection was made to the parol evidence. The written contract controls.

Plaintiffs rely for authority upon the decision of this court in the case of Schnur v. Dunker, Mo.App., 38 S.W.2d 282, wherein it was held that a deposit in a bank in the names of two persons, payable to either or the survivor, presumptively establishes joint ownership in the fund, but the presumption may be overcome by competent evidence showing a contrary intent. The opinion in that case does not set out the written deposit agreement in haec verba, and no reference whatsoever is made to the parol evidence rule. (Indeed, as stated by Judge Conkling in the Watts case, supra, no consideration was given to this rule in any of the earlier opinions.) As to Schnur v. Dunker, the Supreme Court said in the Watts case, 231 S.W.2d at page 821: "The parol evidence rule was not there involved." It ruled that the Schnur case, and others like it, "are no authority upon the question instantly before us," 231 S.W.2d at page 822, i. e., upon the issue of the applicability of the parol evidence rule.

■ We are compelled to hold that the Watts case has changed the law of Missouri as to joint deposits when there is a definite, unequivocal contract in writing and when the parol evidence rule is invoked; in such

a situation the terms of the written contract cannot be overcome, changed or avoided. While the Supreme Court in the Watts case did not expressly overrule prior cases, yet obviously the earlier decisions reaching a conflicting conclusion cannot stand as authority when there is a clear contract in writing and a reliance on the parol evidence rule, as here.

It must be recalled that the Supreme Court in its opinion in the Watts case in 231 S.W.2d 817 reversed the opinion of the Kansas City Court of Appeals in the same case, Mo.App., 222 S.W.2d 937. That appellate opinion had cited Schnur v. Dunker, supra, as one of its principal authorities and contained no ruling on the parol evidence rule. The action of the Supreme Court meant that the parol evidence rule was controlling and that Schnur v. Dunker, in which that rule was not invoked nor mentioned, is not binding authority, excepting in other cases where the parol evidence rule is not applicable or not relied upon.

Plaintiffs also cite Clay County State Bank v. Simrall, Mo.App., 259 S.W.2d 422 (K.C. Court of Appeals) decided since the Watts case. That case is readily distinguishable on the facts in that, after a joint account had been opened in the usual way by Mr. and Mrs. Shelton, Mr. Shelton alone sought to add Mrs. Simrall's name to the account to make it a three-name account. However, no signature card for Mrs. Simrall was ever returned to the bank. Very properly it was ruled that, Mrs. Shelton, having survived Mr. Shelton, her administrator was entitled to the balance in the account.

In his discussion of the law of the case, Sperry, C., cites his own opinion in the Watts case, in 222 S.W.2d 937 and wholly omits to note the reversing opinion of the Supreme Court in the same case in 231 S.W.2d 817. The Simrall case is no authority here, under the last decision of the Supreme Court, 231 S.W.2d 817.

All that we have said as to the rights of defendant as surviving joint owner of the bank account mentioned in Count I of the petition, would also be pertinent to her rights in the savings account mentioned in Count II.

From what has been said, the trial court should have ruled that the written contract, Plaintiffs' Exhibit E, quoted above, could not be varied by parol evidence, that under its terms defendant was entitled to have the balance in said account as sole survivor of the joint tenants, as a matter of law, and, therefore, that defendant's motion for a directed verdict on Count I should have been sustained. The judgment on Count I must be reversed.

The foregoing discussion also serves to dispose of the issues on plaintiffs' appeal. Their sole and only assignment of error as to Count II is that: "The Court erred in not sustaining plaintiffs' motion for a new trial because the verdict of the jury for the defendant on Count Two is against the weight of the evidence and the law under the evidence and is not consistent with their verdict for the plaintiffs on Count One." By our ruling that the judgment on Count I must be reversed, there is no longer any inconsistency.

■ Furthermore, plaintiffs' motion for new trial did not complain of inconsistency of verdict as a ground for the granting of a new trial, so such a ground cannot be urged on appeal. Baird v. Ellsworth Realty Co., Mo.App., 265 S.W.2d 770; Armes v. Missouri Insurance Co., Mo.App., 263 S.W. 2d 873; Supreme Court Rule 3.23, 42 V.A. M.S.

■ Assignments that a verdict is against the weight of the evidence "and the law under the evidence" never present anything for appellate review, weight of evidence in a jury case being only for consideration by the trial court. Nelson v. Tayon, Mo.Sup., 265 S.W.2d 409, 416.

The judgment on Count I is reversed, with directions to enter judgment thereon for defendant, and the judgment on Count II is affirmed.

RUDDY, Acting P. J., and BENNICK, J., concur.