**John W. KELLS, (Plaintiff) Appellant,**

**v.**

**PEVELY DAIRY COMPANY, a Corporation, (Defendant) Respondent.**

**No. 31822.**

St. Louis Court of Appeals.

Missouri.

May 18, 1965.

Rehearing Denied June 21, 1965.

Application for Transfer Denied Sept. 13, 1965.

Gerritzen & Gerritzen, Thomas E. Dowling, Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

Albrecht & Homire, James L. Homire, Jr., St. Louis, for defendant-respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an appeal by plaintiff, John W. Kells, from a verdict and judgment in favor of defendant. Plaintiff in his petition sought damages for personal injuries, and

also property damage growing out of an automobile collision.

Plaintiff testified that on August 25, 1961, he was operating his 1959 Ford Country Sedan Station Wagon in St. Louis, Missouri; that his usual route to work involved a right-hand turn off of Chouteau Avenue onto Mississippi Avenue; that when approximately one-half block west of Mississippi, he was in the east-bound curb lane of Chouteau; that at that time he turned on his right-hand signal; that the right side of his automobile was then eighteen inches to two feet out from the curb and he was going approximately fifteen miles per hour; that he made his right-hand turn into Mississippi, at about five miles per hour, from the southernmost curb lane of Chouteau; that at the time of his turn there were no other motor vehicles to his left going east on Chouteau, and approximately three-fourths of his station wagon was into Mississippi Avenue before the collision occurred; that his station wagon was headed southeast at about a forty-five degree angle; that the right rear corner of his station wagon was struck by the right front corner of defendant's truck.

The defendant's driver, Chester Clark, testified that he was driving a Ford ice cream truck eastwardly in the south curb lane of Chouteau at a speed of approximately fifteen miles per hour, and that there was no traffic directly in front of him; that he first saw the plaintiff's car when it was crossing in front of his path, vertically, and making a southward turn from his left; that the back end of plaintiff's car moved across some of his lane. He testified that by vertical he meant crosswise, and that his lane of travel was clear until the plaintiff's car veered in front of him; that plaintiff did not sound his horn or give a warning signal that he was going to turn into the witness's path; that at the time of the impact his truck was going "very slow" and had "almost completely stopped." The plaintiff, in effect, conceded this to be true, because he testified that the cost of repairing his station wagon was "something

less than a hundred dollars," and "there wasn't any visible damage to the defendant's truck."

Plaintiff-appellant complains first of the trial court's action in refusing his offered Instruction No. 1-A on the ground that this instruction contained a separate and distinct charge of negligence on which he was entitled to rely, the negligence being that of carelessly and negligently overtaking and striking plaintiff's vehicle from the rear.

It should be kept in mind that there was a fairly simple issue to be resolved by the jury in this case. It was up to the jury to decide whether the plaintiff had been driving his automobile eastwardly in the curb lane of Chouteau Avenue immediately before the accident occurred, and further that he was struck while in the process of making a right-hand turn from the curb lane, or whether the plaintiff made a right turn from a position to the left of defendant's vehicle and not from the curb lane.

At plaintiff's request the court gave Instruction No. 1. It was a verdict directing instruction, purporting to cover the entire case. The major portion of that instruction is as follows:

"The Court instructs the jury that it is the duty of the driver of a motor vehicle following another motor vehicle to keep a lookout ahead to observe the motor vehicle ahead and its movements and to keep the motor vehicle under control so that it will not run into the motor vehicle ahead should it slow down and turn at an intersection, and to keep the motor vehicle a sufficient distance behind the motor vehicle in front so as to avoid danger in case of a slowing down or turning at an intersection of the motor vehicle ahead.

"You are further instructed that if you find and believe from the evidence that at the time and place in question, plaintiff was operating his automobile station wagon eastwardly along and

upon Chouteau Avenue in the southernmost eastbound lane of Chouteau Avenue, and was in the act of turning his automobile station wagon from the southernmost eastbound lane of Chouteau Avenue to the right to proceed southwardly into Mississippi Avenue, if you so find, and the defendant, Pevely Dairy Company, by and through its agent and servant, Chester Clark, was operating its refrigerated ice cream truck, mentioned in evidence, along and upon Chouteau Avenue behind the automobile station wagon of the plaintiff and was in the southernmost eastbound lane of Chouteau Avenue, if you so find, and that the Pevely Dairy Company, by and through its agent and servant. Chester Clark, did not exercise the highest degree of care in keeping a lookout to observe plaintiff's automobile station wagon ahead, if you so find said station wagon was ahead of defendant, Pevely Dairy Company's truck, and the movements of plaintiff's automobile station wagon or in keeping defendant's truck under control so that it would not run into plaintiff's automobile station wagon as it slowed down and turned right at said point mentioned in evidence at the intersection of Mississippi and Chouteau Avenues, if you so find, and if you further find tht Chester Clark did not exercise the highest degree of care to keep the truck he was driving a sufficient distance behind plaintiff's automobile station wagon, if so, so as to enable the Pevely Dairy Company truck to avoid colliding with the plaintiff's automobile station wagon as it slowcd down and turned right at said point mentioned in evidence at the intersection of Mississippi and Chouteau Avenues, if you so find, and if you further find that the truck Chester Clark was operating did collide with plaintiff's automobile station wagon at said point mentioned in evidence while the plaintiff's automobile station wagon was

turning right at the aforesaid intersection, * * *."

■ As we view it, the above quoted language fully covered plaintiff's theory of the case.

■ Instruction No. 1-A also purported to cover the entire case. It is, in fact, as the trial court stated, largely a duplication of Instruction No. 1. Its real vice consists in the fact that it sought to submit the specific act of negligence of overtaking and striking plaintiff's vehicle from the rear, and such specific charge of negligence was not pleaded. In the case of White v. Thompson, Mo.App., 176 S.W.2d 53, 57, the court said:

"It is elementary that the instructions submitting the plaintiff's case must be in accord with the theory of his petition, and that instructions which authorize a recovery upon a ground not relied on in the petition are fatally erroneous."

We are of the opinion that the trial court's action in refusing this instruction was proper under the circumstances.

Plaintiff's next complaint relates to Instruction No. 2 given on behalf of defendant and which dealt with the question of plaintiff's contributory negligence.

■ The plaintiff is complaining that the instruction could be construed to mean that if the plaintiff had been driving in the lane next to the curb and in front of defendant's truck, then a recovery for the defendant would still be authorized. However, the instruction clearly requires a finding that one of the facts necessary to support a verdict for the defendant was that the curb lane in front of defendant's vehicle was clear of traffic. The instruction requires a further finding that the plaintiff drove in front of defendant's vehicle when the defendant's vehicle was in such close proximity that the danger of collision was imminent. The instruction cannot be con-

strued as appellant urges without ignoring its plain language.

The instruction in the instant case is modeled after one given in the case of Tucker v. Blankenmeier, Mo., 315 S.W.2d 724. In that case the court criticized the instruction and remanded the case because it failed to include a requirement that the plaintiff drove into the path of the defendant without giving a reasonable and adequate warning of his intention to do so. In the instant case the instruction clearly requires a finding that the plaintiff failed to give a reasonable and adequate warning of his intention to drive into the lane in front of the defendant's truck. In our opinion the complained of instruction contains no error prejudicial to plaintiff.

■ Plaintiff's third point is that the verdict is against the weight of the evidence. There is, perhaps, no more firmly established doctrine than that on appeal from a judgment rendered on a verdict of a jury an appellate court is not authorized to weigh the evidence. Whether a jury's verdict is against the weight of the evidence is a question for the trial court alone. Wilcox v. Coons, 362 Mo. 381, 241 S.W.2d 907, 917.

■ Plaintiff also contends that the trial court erred in overruling his motion for a directed verdict. Plaintiff's case rested entirely upon his own testimony. The rule is well settled that the weight and credibility of the testimony of any witness is for the trier of the facts who may disbelieve any witness even when such witness's evidence is uncontradicted. Laughlin v. Boatmen's National Bank of St. Louis, Mo., 163 S.W.2d 761, 764. The contention is without merit.

Plaintiff states his final contention is as follows: "The court erred in refusing to permit further cross-examination of the witness, Chester Clark, on the issue of his credibility with respect to the so-called exchange of insurance information at the scene of the collision since defendant's counsel stated defendant had no insurance and therefore it was impossible for the drivers to have exchanged insurance information."

On his direct examination Clark was asked if plaintiff, at the scene of the accident, said "anything else to you?" The answer was: "Not that I recall. He may have, but I don't recall anything. We took license numbers, and exchanged insurance companies * * *." The transcript shows that the witness was cross-examined at length and when plaintiff's counsel said, "that is all," the witness was excused and the court then adjourned until the next morning. It was then that plaintiff's counsel made his request. The witness Clark was not present.

■ The law is well settled that the extent and scope of cross-examination in a civil action is discretionary with the trial court and its rulings in regard thereto will not be disturbed unless an absence of discretion is clearly shown. Eickmann v. St. Louis Public Service Co., Mo., 323 S.W.2d 802, 807. To have granted plaintiff's counsel's request would have involved a discussion of liability insurance, a matter which should not have been injected into the case. Pitcher v. Schoch, 345 Mo. 1184, 139 S.W.2d 463. We certainly cannot hold that the trial court abused its discretion in this instance.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the judgment is affirmed.

WOLFE, P. J., RUDDY, J., and J. MORGAN DONELSON, Special Judge, concur.