Mary GRUBBS, Respondent,

v.

Josephine MYERS, Appellant.

No. 24325.

Kansas City Court of Appeals.

Missouri.

June 6, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1966.

Application to Transfer Denied Nov. 14, 1966.

Charles R. Nuzum, Kansas City, for appellant.

George Schwegler, Jr., Wayne F. Caskey, Jr., Kansas City, for respondent, Smith, Schwegler & Swartzman, Kansas City, of counsel.

L. F. COTTEY, Special Judge.

Plaintiff's former husband, as an incident to their divorce in 1954, entered into a property settlement contract by which he agreed to pay $25,000 to plaintiff, and a fee of $5,000 to defendant who was plaintiff's attorney in the case. Both obligations were to be retired in installments over a period of years, and, in due course, both were discharged in that manner. Immediately after the divorce, apprehending that the delay in collecting her fee might work some hardship on defendant, plaintiff advanced her the full $5,000 upon the understanding that defendant would refund it as and when she received the installments due her from plaintiff's husband. Notwithstanding defendant's eventual collection of the fee in full from plaintiff's husband, however, she has repaid plaintiff only $1,650 of the amount advanced. This action is brought to recover the balance.

Defendant insists that the transaction in question was not an advancement in any sense of the word, but was in reality the payment of a separate fee due her from plaintiff for services independently rendered in negotiating the property settlement, and that no part of it was to be refunded. That issue was submitted to the jury and resolved against defendant.

■ On her appeal defendant assigns error in the trial court's refusal to give this instruction: "Your verdict must be for defendant if you believe that plaintiff received all money due her as set out in the property settlement agreement". Plaintiff admitted receiving all money due her under the property settlement agreement. There was never any issue as to that. The dispute was whether the money received by defendant from plaintiff was an advancement which defendant was obligated to repay, or whether it was a fee she was entitled to retain. The tendered instruction was better calculated to conceal that issue than to resolve it. Nor can it be approved as the converse of any instruction given by plaintiff. It stated an affirmative proposition which neither impaired the claim nor imported a defense, but was irrelevant as to both. It was properly refused.

Defendant's other assignments, with our comments, follow:

■ (a) "The verdict was against the weight of the evidence and is not supported by the evidence". It has for a long time been held that such an assignment presents nothing for appellate review in a jury case. Connor v. Temm, Mo.App., 270 S.W.2d 541, 547.

■ (b) "The $5,000 fee owed by plaintiff to defendant" for negotiating the property settlement, and "the fee of $5,000 in the divorce action" were both "fair and reasonable and plaintiff had no right therein". It is generally understood that abstract statements of that kind "even though denominated assignments of error, present nothing for review". Crocker v. Tripp, Mo.App., 344 S.W.2d 149, 150. And more especially so since no issue of reasonableness was raised in this case and no mention of it was made in the motion for new trial.

■ (c) "The court erred in giving plaintiff's Instruction No. 2". The instruction is nowhere "set forth in full" or in "questioned portion" as required by Rule 83.05(a), V.A.M.R. The complaint is unillumined by citation of authority. The subjoined argument is not as clear as could have been wished, but the drift of it, as best we can make out, is that the instruc-

tion, which was plaintiff's verdict-directing instruction, should have hypothesized the facts on which the *defense* was predicated. This is a new concept. At any rate, the question is in such a state, either of novelty or obscurity, that we would not want to enter at any length upon a discussion of it in the absence of a more orthodox presentation.

No material error having been called to our attention, and none having been discovered by our independent examination of the record, the judgment is affirmed.

All concur.