**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**Annie MORRISON et al., Exceptions of Clifford W. Swyers and Betty Lou Swyers, Defendants-Respondents.**

**No. 8801.**

Springfield Court of Appeals.

Missouri.

Feb. 27, 1969.

28

G. C. Beckham, Steelville, David Donnelly, James E. Baldwin, David E. Wilhite, Donnelly, Baldwin & Wilhite, Lebanon, for appellant.

Samuel Richeson, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for respondent.

TITUS, Judge.

Plaintiff St. Louis-San Francisco Railway Company (hereinafter called the Frisco) acquired by condemnation a 7.1 acre strip across the southwest corner of a 320 acre farm in Crawford County owned by defendants Clifford W. and Betty Lou Swyers. Both sides excepted to the $1,400 commissioners' award and the issue of damages was tried to a jury. Three witnesses for the condemnees testified defendants' damages ranged from $10,000 to $15,000. The two experts who testified for Frisco opined defendants had been damaged $3,000 or $3,662. The jury awarded defendants $9,000. Frisco filed a motion for new trial, and appealed when it was overruled.

■ Frisco's only "Points Relied On" in its brief is, "The Trial Court Erred in Overruling Appellant's Motion for New Trial in That the Verdict Is Excessive, Against the Weight of the Evidence and Is Not Supported by Substantial, Competent and Probative Evidence." This abridged abstraction demonstrates no effort to comply with Civil Rules 83.05(a) (3) and (e), V.A.M.R. Granting a new trial on the ground the verdict is excessive is equivalent to saying the verdict is against the weight of the evidence [Bell v. Bell's Estate, Mo.App., 368 S.W.2d 544, 545(1); Moore v. Glasgow, Mo.App., 366 S.W.2d 475, 481(6)], and a general assignment that the verdict is excessive and is not supported by the evidence "is meaningless" and neither preserves nor presents anything for review in a jury case. McCarthy v. Halloran, Mo., 435 S.W.2d 339, 340; Grubbs v. Myers, Mo.App., 407 S.W.2d 43, 44(2); Williams v. Kaestner, Mo.App., 332 S.W. 2d 21, 25–26(5); Connor v. Temm, Mo. App., 270 S.W.2d 541, 547(6). At this juncture we could rightfully dismiss this appeal for failure to comply with the rules, but will abide the infraction because it is also necessary that we determine defendants' motion for damages on appeal which has been taken with the case.

■ In its brief Frisco says, "the testimony of the aforementioned witnesses with regard to damages was admitted without objection by either party to the cause." This is not technically correct, as one of defendants' experts was permitted to testify by the trial court over Frisco's objections to his qualifications. Nevertheless, there is no issue on appeal as to the qualifications of any witness because no such issue was incorporated into Frisco's motion for a new trial, and "Allegations of error, in order to be preserved for appellate review, must be presented to the trial court in a motion for a new trial" (Civil Rule 79.03, V.A.M.R.). Also, where a party fails to challenge the qualifications of expert witnesses in the trial court, it is too late for such party to successfully challenge them on appeal. Hildreth v. Key, Mo.App., 341 S.W.2d 601, 613(22); Wardin v. Quinn, Mo.App., 324 S.W.2d 151, 155(6). Furthermore, an appellate court's review is limited to the points relied on in the appellant's brief [Maxey v. General Electric Company, Mo.App., 382 S.W.2d 67, 69(1)], and as Frisco's statement of "Points Relied On" makes no mention of the qualifications of any witness, no assignment of error with respect thereto is preserved or presented for appellate review. Langdon v. Koch, Mo.App., 435 S.W.2d 730, 732(1).

■ Frisco's argument is interlaced with citations of authority anent prerogatives possessed by trial courts in these matters, none of which relates to the limitations placed upon the scope of our appellate review. One suggestion Frisco makes is that "this Court should invoke Rule 79.04, V.A.M.R., popularly known as the Plain Error rule, in order to determine whether or not the testimony of certain of Respondents' witnesses was based upon the requisite background and foundation by which said witnesses would be enabled to give an

opinion as to the before and after value of Respondents' property." This overlooks "the fact that resort may be had to the plain error rule in only those exceptional instances 'when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.' * * * The rule may not be invoked to excuse mere failure to timely and properly object or to evade the primary responsibility of orderly presentation to the trial court in the first instance." Fisher v. Williams, Mo., 327 S.W.2d 256, 263; Brown v. Boyd, Mo., 422 S.W.2d 639, 641–642(3), 643(5). The qualification of an expert is a preliminary question largely for determination by the trial court whose discretion will not ordinarily be overruled unless abused or exercised in clear error of law. State ex rel. State Highway Commission v. Bloomfield Tractor Sales, Inc., Mo.App., 381 S.W.2d 20, 25(6). However, Frisco is not asking us to decide whether the trial court abused its discretion or erred in permitting the experts in this case to testify. What Frisco is asking is that we weigh the respective qualifications of the experts who testified and choose between their opinions. In other words, Frisco invites us to weigh the evidence and reverse the case for a new trial because the verdict is against the weight of the evidence. But "there is, perhaps, no more firmly established doctrine than that on appeal from a judgment rendered on a verdict of a jury an appellate court is not authorized to weigh the evidence. Whether a jury's verdict is against the weight of the evidence is a question for the trial court alone" [Kells v. Pevely Dairy Company, Mo.App., 393 S.W.2d 61, 65(4)], and a reviewing court is not authorized to reverse a case on the ground that the verdict is against the weight of the evidence. Catanzaro v. Duzer, Mo.App., 329 S.W.2d 257, 260(1).

During oral argument many references were made to the disparity between the jury's $9,000 verdict and the commissioners' award of $1,400. However, after a jury trial was obtained, the report of the commissioners became functus officio [City Water Co. of Sedalia v. Hunter, 319 Mo. (banc) 1240, 1244, 6 S.W.2d 565, 566(1)], and the amount of the commissioners' award is not relevant to any question presently considered here. State ex rel. Kansas City Power & Light Company v. Campbell, Mo.App., 433 S.W.2d 606, 622 (23).

The opinion of one qualified witness as to the extent of damages constitutes substantial evidence. State ex rel. State Highway Commission v. Eilers, Mo., 406 S.W.2d 567, 575. Two of defendants' witnesses testified without objection, and the testimony of the third who was challenged as a witness placed the damages within the range stated by the others. Even if we ignore the witness to whom Frisco objected and assume (which we do not) it was not shown the other two had the requisite qualification, still, these two witnesses "expressed an opinion without objection, and the weight to be given to the opinions expressed, as affected by the information brought out on cross-examination, is to be determined by the jury in connection with the circumstances under which they were offered." KAMO Electric Cooperative v. Baker, 365 Mo. 814, 820, 287 S.W.2d 858, 863(13). Since any objections Frisco may have to the qualifications of defendants' expert witnesses have not been preserved for appellate review, we cannot rule on their qualifications or say their testimony did not constitute substantial competent evidence

An apt summary of this cause (omitting the citations of authority) is to be found in the penultimate paragraph of State ex rel. State Highway Commission v. Grissom, Mo.App., 439 S.W.2d 13, a most recent opinion of this court prepared by Stone, J. "It was the prerogative of the jurors to resolve the evidentiary conflicts as to values and damages and, from all of the evidence before them, to determine the just compensation to which defendants were entitled. Their assessment of dam-

ages having been supported by substantial evidence and having been 'within the range' of the competent evidence and 'within the limits of the proof', and the trial court having denied [Frisco's] motion for new trial 'after the exercise of its authority to determine the relative weight of the conflicting evidence', we have no right to reweigh or reevaluate the evidence or to disturb the judgment."

▮▮▮▮ Defendants have moved for an allowance of damages equal to ten per cent of the amount of the judgment because, as they say, "the appeal herein is taken for vexation and delay." The rule and statute (Civil Rule 83.13(d), V.A.M.R., and V.A. M.S. § 512.160 subd. 4, RSMo 1959) do not prescribe the conditions under which such damages may be allowed, so the award thereof rests within the sound discretion of the court. Utchen v. American Casualty Co. of Reading, Pa., Mo.App., 356 S.W.2d 102, 105; Wigger v. Consumers Cooperative Association, Mo.App., 301 S.W.2d 56, 62(6). Appellate courts apply the rule and statute with caution [Butler v. Butler, Mo. App., 379 S.W.2d 175, 181(6)], and are loath to impose the penalty in any case and do so only where it is clear the appeal is not the result of an honest mistake as to the application of the law to the facts involved. Foster v. Aetna Life Ins. Co., Mo. App., 169 S.W.2d 423, 430(8), trsfd. 352 Mo. 166, 176 S.W.2d 482; Prudential Ins. Co. v. German Mut. Fire Ins. Ass'n, Mo. App., 142 S.W.2d 500, 504(12). Each case must rest upon its own facts [Steinbaum v. Wallace, 237 Mo.App. 841, 854, 176 S.W. 2d 683, 690(14)], and while we conclude the appeal is without merit, we are not disposed to say its prosecution was so meritless as to negative all reasonable theories of honest mistake regarding the application of the law to the facts and was knowingly taken in bad faith for mere vexation and delay. Appellant's counsel, both by brief and at the oral argument, urged their position with such vigor and apparent sincerity we cannot impute bad faith to their efforts. Bidleman v. Morrison Motor Freight, Mo.App., 273 S.W.2d 745, 750– 751(11); Glosch v. Central Life Ins. Co. of Illinois, Mo.App., 176 S.W.2d 46, 49(8, 9).

Defendants' motion is overruled and the judgment nisi is affirmed.

HOGAN, P. J., and STONE, J., concur.