Jack O. HOEVELMAN, Plaintiff-
Respondent,

v.

**REORGANIZED SCHOOL DISTRICT R2 OF
CRAWFORD COUNTY, Missouri,
Defendant-Appellant.**

No. 8887.

Springfield Court of Appeals,
Missouri.

Feb. 26, 1970.

Motion for Rehearing or to Transfer
Stricken March 17, 1970.

Morton K. Lange, St. Louis, for plaintiff-respondent.

G. C. Beckham, Steelville, for defendant-appellant.

TITUS, Presiding Judge.

Defendant school district's first appeal in this case was dismissed because it appealed from the unappealable "order and judgment overruling defendant's motion for summary judgment." Hoevelman v. Reorganized Sch. D. R2 of Crawford Co., Mo.App., 430 S.W.2d 753. This second appeal by defendant is from a $580 verdict-judgment returned and entered for plaintiff in his suit to collect the balance allegedly due him under a nine-month school bus driver's contract. Defendant contends the contract was void because it did not meet the requirements of § 432.070.[1]

Irrespective of the validity of the contract, defendant also asserts that "the greater weight of the evidence proved" plaintiff was properly discharged for incompetency by defendant's six-director school board. This smacks of an invitation (R.S.V.P.) for us to weigh the evidence and reply via a reversal because the verdict is against the greater weight of the evidence. But, "[t]here is, perhaps, no more firmly established doctrine than that on appeal from a judgment rendered on a verdict of a jury an appellate court is not

---

1. All references to statutes and rules are to RSMO 1959, V.A.M.S., and to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

   § 432.070 provides: "No \* \* \* school district \* \* \* shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing."

authorized to weigh the evidence. Whether a jury's verdict is against the weight of the evidence is a question for the trial court alone" [Kells v. Pevely Dairy Company, Mo.App., 393 S.W.2d 61, 65(4)], and an appellate court may not reverse a case on the ground that the verdict is against the greater weight of the evidence. Catanzaro v. Duzer, Mo.App., 329 S.W.2d 257, 260(1). Moreover, "[i]t has for a long time been held that such an assignment presents nothing for appellate review in a jury case. Connor v. Temm, Mo.App., 270 S.W.2d 541, 547." Grubbs v. Myers, Mo. App., 407 S.W.2d 43, 44(2).

■ Another point raised by defendant is that the trial court erred in overruling its motion for a directed verdict at the close of plaintiff's case because plaintiff had no contract in writing with defendant as required by § 432.070. However, when defendant proceeded to introduce evidence of its own after denial of the motion, it waived any complaint that the trial court erred in this respect. Veterans Linoleum & Rug, Inc. v. Tureen, Mo.App., 432 S.W.2d 372, 375(3). Nevertheless, defendant did renew the motion for a directed verdict at the close of all the evidence, and while no post-trial motion was submitted as authorized by Civil Rule 72.02 and § 510.290, defendant again presented this issue to the trial court in its motion for new trial [Civil Rule 79.03; Millar v. Berg, Mo., 316 S.W.2d 499, 502(1)] and has continued the complaint into its appeal brief. Therefore, the question of whether plaintiff made a case for the jury (described in proper circumstances as being "basic" or "inherent in every case that comes to an appellate court") will be considered [Gibbs v. Bardahl Oil Company, Mo., 331 S.W.2d 614, 620(1); Hart v. Midkiff, Mo., 321 S.W.2d 500, 505(4)] by "reviewing the evidence in a light most favorable to the plaintiff and giving him the benefit of all inferences reasonably to be drawn therefrom." Anderson v. Maneval, Mo.App., 410 S.W.2d 578, 581(2).

During the school year of interest, 1966–67, Al West, Jr., was president of defendant's school board and Fred Shafferkoetter was its secretary. "There never has been any authority given to" the secretary "by the board authorizing [him] to sign any kind of a contract on behalf of the school board." Whatever school contracts Mr. Shafferkoetter did sign were for the purpose of "witnessing the signature of the president." E. M. (Elza) West was employed by the defendant as transportation supervisor and his "job actually was to handle the mechanics of employing the [bus] drivers." If he got a driver that "suited [the school board's] need we would approve him. * * * [T]he bus drivers could have been put to work, and they would have been paid for the time that they worked * * * but it is not necessarily true that they were hired and given a contract for nine months until it was approved by the board. * * * These contracts [for bus drivers] could have been approved by the superintendent, the president and secretary, prior to the [school board] meeting and then could have been thrown out at the meeting by the majority of the board."

Plaintiff contacted the transportation supervisor for employment and testified that Elza West "told me he was legally authorized to talk to men and hire them on his own recommendations [and] he would like for me to drive." Two printed contract forms were given to plaintiff that had not "been signed by anybody on behalf of the school board" and there was no "conversation about how long [plaintiff] would be employed." Plaintiff signed the two forms as "Driver," secured execution of the required bond [§ 167.251] and returned the papers to Elza West. The transportation supervisor, according to plaintiff, "went through with the proper procedure, I presume, and took [the contract] to the

school. * * * After two or three days * * * I had the contract returned to me * * * and [although nothing was said] I presumed I was hired, being as he gave [a copy of the contract] back to me." The contract now reads:

"This agreement, made and entered into the 21st day of July, 1966 by and between [plaintiff and defendant], WITNESSETH:

"That the said [plaintiff] agrees to operate a school bus . . . . In consideration of such services properly rendered, . . . [defendant] agrees to pay to the bus driver, monthly, the sum of 145 dollars for a term of nine months, commencing on the 29th day of August, 1966. . . . Done by order of the Board of Directors, this 21st day of July, 1966.

President of Board

Attest: /s/ Fred Shafferkoetter      /s/ JACK O. HOEVELMAN
Driver"

---

The copy of the contract not returned to plaintiff had been kept "in the office of the [school] superintendent, in our files of state records * * * with other bus driver's and teacher's contracts" until produced at trial. Nine or ten bus drivers, in addition to plaintiff, had been employed in the school year 1966–67 and their contracts were in the exact form as plaintiff's, supra, except their contracts bore the signature of Al West, Jr., as board president, which plaintiff's contract did not.

Plaintiff drove the bus from August 29, 1966, until February 1, 1967, when he was informed "my time would be terminated." The $580 sued for and awarded represents what plaintiff would have been paid had he continued driving the bus for the balance of the school year.

The minutes of the regular school board meeting of July 21, 1966, were signed by Al West, Jr., as president, and Fred Shafferkoetter as secretary, and admittedly "contain no reference to the employment of any bus drivers." Corroborated by his fellow school board members and without contradiction, Mr. Shafferkoetter testified that the records and minutes of the school board and the defendant school district for 1966–67 were devoid of any mention of an order, motion, resolution or discussion relative to the employment of plaintiff as a bus driver; he flatly asserted that plaintiff "had never been approved by the school board" as a bus driver. Mr. Shafferkoetter and other members of the school board were aware that plaintiff was driving a school bus but none of them had any recollection that the board had ever authorized plaintiff's employment on a contract. Though admitting the two contract forms with plaintiff's name bore his signature, the secretary stated "I knew of no contract * * * I don't remember even signing it * * * So, my only thought is, I inadvertently signed these amongst other documents. That is the only way it could be." Al West, Jr., the school board president, said that he had never signed a written contract with the plaintiff. The minutes of the regular board meeting held January 19, 1967, contain this recitation: "Motion by Mr. Shuey, seconded by Mr. Jones that [plaintiff's] contract as bus driver be terminated as of January 31, 1967. Vote: 6 yes."

The requirements of § 432.070 (quoted in footnote 1, supra) that contracts with school districts must be in writing and subscribed by the parties thereto is mandatory and not merely directory [City of North Kansas City, Missouri v. Sharp, 8 Cir., 414 F.2d 359, 364(1); Donovan v. Kansas City, 352 Mo. (banc) 430, 445(3), 175 S.W.2d 874, 881(10), 179 S.W.2d 108, appeal dismissed, 322 U.S. 707, 64 S.Ct.

1049, 88 L.Ed. 1551; Thies v. St. Louis County, Mo., 402 S.W.2d 376, 380(1)], and anything short of the writing required is not a contract. Metz v. Warrick, 217 Mo. App. 504, 512(3), 269 S.W. 626, 627(3). Plaintiff is charged with knowing the extent and limitation of defendant school district's powers, the authority of its officers, and the manner prescribed by law for the exercise thereof. Board of Public Works of Rolla v. Sho-Me Power Corp., 362 Mo. (banc) 730, 737, 244 S.W.2d 55, 60(6); Grauf v. City of Salem, Mo.App., 283 S. W.2d 14, 17(4). Therefore, he is not only held to know the requirements of § 432.-070, but is also charged with knowledge that "no contract shall be let [by defendant] unless a majority of the whole board votes therefor." § 162.301 subd. 3.

■ One who undertakes to bring suit against a school district based upon a contract must, of course, plead and prove the kind of contract required by the statutes [Pfitzinger v. Johnson, Mo.App., 177 S. W.2d 713, 720(7)], "[b]ut the conformity with such statutory provisions which is exacted by the law is 'a substantial compliance' * * * [and the] contract need not be 'in any particular form' * * * or in a single document bearing the signature of the [driver] and the president of the board and the attestation of the secretary of the board." Lynch v. Webb City School District No. 92, Mo.App., 418 S.W. 2d 608, 614(1 and 3). In accordance with these pronouncements, it is held that the minutes of the school board duly signed by the proper officers, together with a separate corresponding writing executed by the other party to the agreement, constitute a written contract which meets the requirements of § 432.070. First Nat. Bank of Stoutland v. Stoutland Sch. Dist., Mo., 319 S.W.2d 570, 573(4); State ex rel. Foster v. Griffin, Mo.App., 246 S.W.2d 396, 398(4 and 6); Edwards v. School Dist. No. 73 of Christian County, 221 Mo.App. 47, 50, 297 S.W. 1001, 1002(2).

§§ 162.301 subd. 4, 162.791 and 162.821 enjoin the secretary of a school board to "keep a correct record of the proceedings of all the meetings of the board [and] make copies of * * * all * * * papers relating to the business of the district, and securely keep the same." It is said that these statutes are directory and not mandatory (Hudgins v. Morresville Consol. School Dist., 312 Mo. 1, 9, 278 S.W. 769, 770), so that the failure of the secretary to record the minutes will not amount to a fatal defect in an action on a school contract provided the board did, in fact, order and authorize the agreement. State ex inf. Mooney, ex rel. Stewart v. Consolidated School Dist. No. 3, Mo.App., 281 S.W.2d 511, 513(6); Lowland School Dist. No. 32 of Cooper County v. Wooldridge School Dist., Mo.App., 216 S.W.2d 545, 549(3). There is authority that if no written minutes of the proceedings of the board were made, nevertheless the action and proceedings of the board at such a meeting may be proved by the parol testimony of those persons who were present. Peter v. Kaufmann, 327 Mo. 915, 923–924(4), 38 S.W.2d 1062, 1065(6); Tate v. School Dist. No. 11 of Gentry County, 324 Mo. 477, 504, 23 S. W.2d 1013, 1026, 70 A.L.R. 771, 790.

■ In this case the sole writing in esse is the contract form signed by the plaintiff and attested by the secretary. "The board could, by order of record, appoint [Mr. Shafferkoetter, the secretary,] an agent to execute [the] contract as provided in the latter part of" § 432.070 [Miller v. Alsbaugh, Mo.App., 2 S.W.2d 208, 211], but this was not done and the only evidence in the case is that Mr. Shafferkoetter was never granted such authority and only signed such contracts as a witness to the president's signature. There exists no writing that correlates with the contract form to evidence that the school board, as such, ever officially contracted with the plaintiff, and all of the parol evidence on the subject is to the effect that the school

board never authorized or agreed to plaintiff's employment. Massie v. Cottonwood School Dist. No. 36, Mo.App., 70 S.W.2d 1108–1109(1–3). Corporate action by "a majority of the whole board" [§ 162.301 subd. 3] was required. Therefore, individual action by a single board member or by the transportation supervisor is of no avail. The State ex rel. White v. Lockett, 54 Mo.App. 202, 207–208. The procedures undertaken to gain the services of plaintiff as a bus driver were not in substantial compliance with the statutes and could not attain for plaintiff a contract legally enforceable against the defendant school district for the full nine-month period involved. Plaintiff, aided by all the evidence, did not make a submissible case and the judgment nisi is, therefore, ordered reversed.

STONE and HOGAN, JJ., concur.

On Motion for Rehearing or to Transfer

PER CURIAM.

■ "Motions for rehearing * * * must be filed within fifteen days after the opinion of the court shall be filed," Rule 83.16, and "No case shall be transferred by order of the Supreme Court from a court of appeals unless * * * a motion for such transfer has been made to the court of appeals within the time for filing a motion for rehearing * * *." Rule 84.05(a). Plaintiff's motion for rehearing or to transfer was received and filed by the clerk of this court on March 14, 1970, the sixteenth day after our opinion was filed on February 26, 1970. The fifteen-day time limitation for the filing of a motion for rehearing or to transfer "is cast in mandatory language, and neither counsel nor the court is at liberty to ignore or wink at that limitation. The order of this court should be and is that plaintiff's purported motion for rehearing or to transfer be stricken." Hood v. M. F. A. Mutual Insurance Company, Mo. App., 379 S.W.2d 806, 813(13).