BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1925.

---

L. METZ, Doing Business as METZ LUMBER COM-
PANY, Appellant, v. H. WARRICK, GEORGE H.
SEIFERT, L. C. FIELDS, and J. T. SIGLER, Re-
spondents.*

In the Springfield Court of Appeals, March 6, 1925.

1. **SCHOOLS AND SCHOOL DISTRICTS: Contracts: Contractor's
   Bonds: Materialmen: Failure of Bond to Follow Language of Stat-
   ute.** Action by materialman on bond of contractor, furnished to
   school district conditioned that he would pay for material used in
   repairing building under contract. Contention that the bond was
   not a statutory bond, in pursuance of sections 1040, 1041, Revised
   Statutes 1919, and did not bind sureties, in that it did not in
   terms follow the language of the statute, nor make any mention
   of materialmen. *Held*, if there had been a valid written contract
   between contractor and school district, and the bond therefore have
   had a consideration to support it, the statute, section 2164, Revised
   Statutes 1919, requiring all contracts with school districts to be in
   writing, could have been read into the bond and materialman could
   recover on it.

2. ———: **School District Not Liable on Quantum Meruit or Implied
   Contract, in View of Statute.** Section 2164, Revised Statutes 1919,
   requires all contracts with school districts to be in writing, and
   hence a school district cannot be held liable on *quantum meruit*
   or any sort of implied contract.

(504)

Metz v. Warrick et al.

3. ———: Contracts Must be in Writing. A contract with a school district can only be made in writing as provided by section 2164, Revised Statutes 1919, and anything short of that is not a contract

4. ———: Contract Held Not to Exist Between Contractor and School District Where no Written Acceptance of Bid. Where contractor submitted written bid to school district and there was no writing to show that the bid was accepted by the district, there was no valid contract for the work, in view of section 2164, Revised Statutes 1919, requiring contracts of school districts to be in writing, regardless of any verbal statements by members of school board to contractor, and regardless of fact that he completed the work and was paid.

5. CONTRACTS: Want of Consideration May be Shown to Avoid Contract When no Innocent Holder or Purchaser Involved. Want of consideration may be shown to avoid any contract when there is no question of an innocent holder or purchaser involved.

6. PRINCIPAL AND SURETY: Sureties on Bond of Contractor Held Not Estopped to Assert Nonexistence of Contract. In action by materialman on bond of contractor given to school district guaranteeing performance of contract, sureties on the bond were not estopped to assert that there was no valid contract between contractor and school district because not in writing as required by section 2164, Revised Statutes 1919, and hence no valid bond because no consideration to support it.

7. SCHOOLS AND SCHOOL DISTRICTS: Surety Bond Given by Contractor to Secure Performance of Void Contract With School District Held Void. Surety bond given by contractor to secure performance of a contract with school district, which contract was void because not in writing as required by section 2164, Revised Statutes 1919, was a void bond, since it had no valid consideration to support it, so that a materialman furnishing material to the contractor had no remedy against the sureties on the bond.

*Headnotes 1. Schools and School Districts, 35 Cyc., p. 960; 2. Schools and School Districts, 35 Cyc., p. 957; 3. Schools and School Districts, 35 Cyc., p. 957; 4. Schools and School Districts, 35 Cyc., p. 957; 5. Contracts, 13 C. J., Section 145; 6. Principal and Surety, 32 Cyc., p. 69; 7. Schools and School Districts, 35 Cyc., p. 960.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing,* Judge.

AFFIRMED.

*Sam F. Phillips*, of Poplar Bluff, for appellant.

(1)   The following Missouri cases hold that a performance by one party of an oral contract which the law requires to be in writing takes the contract out of the Statute of Frauds; to say it in other words, if an oral contract is entered into in a case where a written contract is required by law and if one of the parties to such oral contract performs it in full on his part and the other party accepts performance of the contract, on his part, this performance on the part of one party and acceptance by the other, takes the contract out of the Statute of Frauds and makes the contract as enforceable as though it had been entered into with all of the formalities required by Statute.   See 27 Corpus Juris, page 350, footnote 56 citing: McGinnis v. McGinnis, 274 Mo. 285, 202 S. W. 1087; Hubbard v. Kansas City Stained Glass Wks. Co., 188 Mo. 18; Maupin v. Chicago, etc., R. Co., 171 Mo. 187; Bless v. Jenkins, 129 Mo. 647; Sharkey v. McDermott, 91 Mo. 647; Winters v. Cherry, 78 Mo. 244; Self v. Cordell, 45 Mo. 345; Suggett v. Cason, 26 Mo. 221; Farrer v. Patton, 20 Mo. 81; Ordelheide v. Traube, 183 Mo. App. 363; Starks v. Garver Lbr. Mfg. Co., 182 Mo. App. 241; Hedden v. Schneblin, 126 Mo. App. 478; Cape Girardeau, etc. R. Co. v. Wingerter, 124 Mo. App. 426; Hasenbeck v. Hasenbeck, 111 Mo. App. 38; Mitchell v. Branham, 104 Mo. App. 480; Donovan v. P. Schoenhofen Brewing Co., 102 Mo. App. 427; Chenoweth v. Pacific Express Co., 93 Mo. App. 185; Donovan v. Schoenhofen Brewing Co., 92 Mo. App. 341; Clark v. Cordry, 69 Mo. App. 6; Smock v. Smock, 37 Mo. App. 56; Hoyle v. Bush, 14 Mo. App. 408.   Where an oral promise relating to the transfer of real property has been performed, the contract of which it is a part is no longer within the Statute of Frauds by reason of such performance and accordingly an action will lie for breach

thereof. 27 Corpus Juris, 351, citing, Woodson v. Hubbard, 45 Mo. App. 359; Parker v. Niggerman, 6 Mo. App. 546. There is also a Statute of Frauds which provides that all contracts that are not to be performed within a year must be in writing. This section of the Statute is somewhat analogous to the one under consideration in this case. Anyhow, the principle is the same and the decisions applicable to one of the sections would be applicable to the other. It has been held that although the contract is an oral one, and although it is not to be performed within one year, still, if it is performed within one year by one of the parties thereto, that takes the contract out of the Statutes of Fraud, and the party who performed the contract within a year has a cause of action against the other party for breach. Bird v. Bilby, 202 Mo. App. 212, 220, 215 S. W. 909. (2) Even though the contract is unenforceable between the parties, this fact does not invalidate the bond, unless the contract is void on account of providing for an act *mala in se, malum prohibitum* on the contract was entered into as a result of fraud practiced upon one of the parties to it. Mitchell v. Zurn, 221 S. W. 955, and cases cited. Sureties on bonds to a corporate obligee are liable, although the transaction may be *ultra vires* as to the corporation. 32 Cyc., 26, footnote 1, citing, Am. Bonding Co. v. Aottumwa, 137 Fed. 572, 70 C. C. A. 270. Sureties for an agent appointed to negotiate bonds for a city are liable for money borrowed by him on the bond which he did not pay over, although the council of the city transcended power issuing the bond. Indianapolis v. Skeen, 17 Ind. 628, cited at 32 Cyc. 26. Sureties for an agent appointed by a railroad company to sell coal are liable for money collected by him, although the company did not have power to deal in coal. Northwestern Railroad Co. v. Whinrey, 2 C. L. R. 1207, 10 Exch. 77, 23 L. J. Exch. 261, 2 Weekly Rep. 521, cited at 32 Cyc. 26, footnote 1. Sureties for a bank cashier are liable, although he is not a director, as required by Statute. Lionberger v. Krieger, 88 Mo. 160, affirming 13

Mo. App. 313. This provision contains (as to selection of cashier) no prohibitory or negative words and announces no penalty or other consequences, if it is not complied with; it is therefore simply directory and not mandatory. Bank of Brighton v. Smith, 5 Allen, 413-417; State ex rel. Atty. Gen. v. Mead, 71 Mo. 266-269; West v. Ross, 53 Mo. 350, 354; City of Cape Girardeau v. Riley, 52 Mo. 424; City of St. Louis v. Foster, 52 Mo. 513; Jump v. McClurg, 35 Mo. 153, 196; Hicks v. Chouteau's Admr., 12 Mo. 341. The defendants are estopped by the recitals of the bond from claiming exemption from the obligation by reason of the alleged fact that the contract between Warwick and the School Board was not entered into with the formalities required by law. Carada v. Carondelet, 8 Mo. 644, 649; Western Boatmens Benevolent Association v. Cribben, 48 Mo. 37-43; Hundley v. Filbert, 73 Mo. 34; Commonwealth v. Peal, 14 Lee Monroe, 29; Williamson v. Wols, 37 Ala. 298; Sprowl v. Lawrence, 33 Ala. 674-688.; Green v. Wardwell, 17 Ill. 278; Jones v. Scanland, 6 Humph. 195; United States v. Maurice, 2 Brock. 97-113; Crawford v. Howard, 9 Del. 314; Stephens v. Crawford, 1 Kelley 474, S. C., 3 Kelley 499; Iredell v. Barbee, 9 Iredell 250; Aulanier v. Governor, 1 Tex. 653; Mayor of Homer v. Merritt, 27 La. Annual 567. The sureties upon the bond of a *de facto* officer, as well as the officer himself, are estopped to deny the validity of his appointment when sued for money received by him in his official capacity. Taylor v. State, 51 Miss. 79; State v. Cooper, 3 Miss. 615; Boone County v. Jones, 54 Iowa, 699; State v. Rhoades, 6 Nev. 352; Montieth v. Commonwealth, 15 Gratt. 172; People v. Jenkins, 17 Cal. 500; Town of Lyndon v. Miller, 36 Vt. 329; State v. Bales, 36 Vt. 387; Shroyer v. Richmond, 16 Ohio State 455; Marshall v. Hamilton, 41 Miss. 229; Jones v. Scanland, 6 Humph. 195. Though the bond were not good as a statutory bond, yet if it contravenes no rule of law or public policy, it is good as a common-law bond. Henoch v. Chaney, 61 Mo. 131; Graves v. McHugh, 58 Mo. 499;

Barnes v. Webster, 16 Mo. 258-265; Bank of Brighton v. Smith, 5 Allen 413; Grocers Bank v. Kingman, 16 Gray, 474; United States v. Bradley, 10 Peters, 343.

*John A. Gloriod,* of Poplar Bluff, for respondents.

(1) Respondents decline to adopt appellant's theory of their defense to the effect that the only defense interposed was that the contract was not in writing, and that it did not comply with the provisions of sec. 2164, R. S. 1919. The case having been tried before the court and no declarations of law asked or given, if upon any theory the action of the court can be sustained, this case should be affirmed. (2) There was no written contract entered into between the school board and the defendant, Warwick, as required by sec. 2164, R. S. 1919. The only written instrument was the bid submitted by Mr. Warwick, which is set out on page 24 of appellant's abstract. This bid does not appear to have been accepted in writing by the school board. This being true, the contract was void *ab initio,* cannot be ratified and there can be no recovery for material and supplies furnished thereunder. Sec. 2164, R. S. 1919; Compressed Air Company v. Fulton, 166 Mo. App. 30; Lives v. Rolla, 184 Mo. App. 296; Brown Coal Company v. City of New Madrid, 208 S. W. 109. (3) Appellant secured judgment against the defendant Warwick which was not appealed from by said defendant and there is nothing in the entire record indicating that the judgment could not be satisfied in full against him and for this reason alone the judgment in favor of the respondents should be affirmed. Austin v. Randell, 207 Mo. App. 77. (4) The bond given in this case is not a statutory bond as contemplated by sec. 1040, R. S. 1919. Neither is it the character of common-law bond which permits a third person not a party to it, to sustain an action thereon, for the reason that it does not appear from the terms of said bond that appellant is of the class intended to be

covered thereby. It is true that the petition alleges that the bond was given for the benefit of appellant and other materialmen, but this is simply a conclusion and not a statement of constitutive facts. Builders Material & Supply Co. v. Construction Co., 204 Mo. App. 77; Lumber Co. v. Banks, 136 Mo. App. 44; Section 1040, R. S. 1919; Manufacturing Co. v. Clark, 208 Mo. 89. (5) The general rule is that sureties are favorites of the law and a contract of suretyship must be strictly construed so as to impose on the sureties only those burdens clearly within the terms of their contract and must not be extended by implication or presumption. 32 Cyc. 73; Beers v. Wolf, 116 Mo. 179. (6) Appellant's brief cites many cases, most of which relate to the Statute of Frauds and to cases arising in other States where the statutes governing contractor's bonds are dissimilar to our own. This particular question has been before the courts of this State many times and it has invariably been held that either the contract or bond or both of them must provide for the payment of material furnished a contractor on a public building in order to give such materialman a cause of action against the sureties on the contractor's bond. Lumber Co. v. Banks, 36 Mo. App. 44; Fellows v. Kreutz, 189 Mo. App. 547; Fogarty v. Davis, 264 S. W. 879; Builders Material & Supply Co. v. Construction Co., 204 Mo. App. 77.

COX, P. J.—Action upon contractor's bond. Jury waived and trial by court. Judgment for plaintiff against Warrick, principal in the bond, and judgment in favor of Seifert, Fields and Sigler, the sureties on the bond. From the judgment in favor of these sureties, the plaintiff appealed.

Mr. Warrick, the principal in the bond, had built an addition to a schoolhouse in Consolidated School District No. 1 in Butler County, Missouri, and made some repairs on the main building. He had purchased material from plaintiff to use in doing the work for which

plaintiff had not been paid and this suit was brought upon the bond given by Warrick, the supposed contractor, to the school district.

The plaintiff seeks to recover against the sureties on the bond upon the theory that the bond is a statutory bond given under sections 1040 and 1041, Revised Statutes 1919, which makes it the duty of a school board when letting a contract for work on a school house to require the contractor to furnish a bond conditioned that he will, among other things, pay for all material which he may use in performing the work under his contract.

The defense of the sureties is based on the ground that there was no contract entered into between Warrick and the School District and for that reason the bond, if attempted to be given under the statute, was void because there was no contract between the alleged contractor and the School District to support the bond and it was, therefore, without consideration. They further contend that the bond they executed was not a statutory bond and does not bind the sureties to pay for material sold to the alleged contractor to be used in the building.

In the view we take of this case, it will not be necessary to set out the terms of the bond. The bond, however, does not in terms follow the language of the statute nor does it make any mention of materialmen. We are of the opinion, however, that under the recent holding of the Supreme Court in Fogarty v. Davis, 264 S. W. 879, 881, that if the contract between Warrick and the School District had been valid so the bond would have had a consideration to support it, the statute could be read into the bond and by doing so, the materialmen could recover on it. The statute, section 2164, Revised Satutes 1919, requires all contracts with School Districts to be in writing and hence a school district cannot be held liable on *quantum meruit* or any sort of implied contract. [State ex rel. v. Dierkes, 214 Mo. 578, 589, 113 S. W. 1077; Anderson v. Ripley County, 181 Mo. 46, 80 S. W. 263; Per-

kins v. Independent School District of Ridgeway, 99 Mo. App. 483, 74 S. W. 122; Montague Compressed Air Co. v. Fulton, 166 Mo. App. 11, 30, 148 S. W. 422; Schueler v. City of Kirkwood, 191 Mo. App. 575, 177 S. W. 760.]

A contract with a school district can only be made in writing as provided in the statute and anything short of that is not a contract. The only thing done in this case toward the execution of a contract in writing with the school district was the submission of a bid on the work by Mr. Warrick. That bid was in writing and is as follows: "Will do said work on old building, put up one new room. Furnish all material, labor, for Eleven Hundred and Fifty Dollars ($1150). H. Warrick."

Nothing was entered on the record of the school district and there is no writing of any kind to show that the bid of Mr. Warrick was accepted by the school district.

It might well be doubted whether the bid of Warrick, standing alone, describes the building to be built and the work to be done with sufficient definiteness to make a binding contract had it been properly accepted by the school board. But, waiving that question, we are sure under the authorities above cited that with no writing at all to show that the school board ever employed Mr. Warrick to do anything there was no contract between them that the law can recognize, no matter what may have been said by members of the school board to Mr. Warrick in relation to the matter. Mr. Warrick evidently understood that he was employed by the school board to do the work for the district but he and every other person dealing with a school board must be held to know that he cannot make a contract with a school district except by complying with the statute and putting the contract in writing as the statute provides must be done. When he takes any other course, he does so at his own risk. In this case he was fortunate enough to secure his pay for the work so he cannot complain. The sureties on his bond, however, are not estopped to assert that there was no contract between Warrick and the school district. The

bond which they signed was given to guarantee the performance of a contract between Warrick and the school district and since there was no such contract, there was no consideration for the bond. A want of consideration may be shown to avoid any contract when there is no question of an innocent holder or purchaser involved. The bond in this case was given to the school district to guarantee the performance of a contract by Mr. Warrick, but when it developed that there was no contract between Warrick and the school district, then, in the very nature of things, the sureties on the bond could not be bound to guarantee the performance of a contract that did not exist. The supposed contract between Warrick and the school district was void *ab initio* and not merely voidable, and since it had no validity, the bond given to secure its performance had no validity. For that reason the plaintiff had no remedy against the sureties on this bond and as to them, the judgment was for the right party.

Judgment affirmed. *Bradley, J.,* concurs; *Bailey, J.,* not sitting.