DAVIS, Respondent, v. LAMRO INDEPENDENT SCHOOL DIST. NO. 20 OF TRIPP COUNTY, Appellant.

(215 N. W. 776.)

(File No. 6374.   Opinion filed October 22, 1927.)

**Schools and School Districts—School District Holding Over After Expiration of Its Lease Held Not Liable Under Statute for Rent for Balance of Year (Rev. Code 1919, § 1061, 7548).**

Where school district having lease on certain premises for one year with privilege of renewal for a second year continued in possession, and paid rent for three months after expiration of first year without signing a new contract, held, district was not liable for rent for balance of year under Rev. Code 1919, § 1061, relating to lessees' remaining in possession after expiration of hiring, in view of section 7548, prohibiting expenditure by district of greater amount than $100 except in accordance with a written contract.

Note. — See, Headnote (1), American Key-Numbered Digest, Schools and School Districts, Key-No. 90, Assumpsit, Action of, 5 C. J. Sec. 14; Schools and school districts, 35 Cyc. 957.

For annotations to Rev. Code 1919, Sec. 1061, see Kerr's Cyc. Codes, Civ. Code, Sec. 1945.

Appeal from Circuit Court, Tripp County; Hon. John G. Bartine, Judge.

Action by L. M. Davis against the Lamro Independent School District No. 20 of Tripp County. From judgment for plaintiff and from an order denying its motion for new trial, defendant appeals. Reversed and remanded with directions.

*P. A. Hosford,* of Winner, for Appellant.

MISER, C.    Appellant school district, by written lease, occupied certain premises owned by respondent, from October 1, 1922, to October 1, 1923. The lease contained the provision that—

"The first party [respondent] agrees to give to the second party [appellant] the privilege of renting the premises for the second year at the same rental price."

The school district took no action to lease the premises for a second year, beginning October 1, 1923, but paid the rental stated in the lease of $75 per month for the months of October, November, and December, 1923, and vacated same on or about January 1, 1924. In circuit court, the respondent recovered judgment for the rent from January 1, 1924, to October 1, 1924, amounting to $675.

Section 1061, Rev. Code 1919, is as follows:

"If a lessee of real property remains in possession thereof, after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one year."

However, section 7548 of the Rev. Code of 1919, relating to school districts of the character of appellant, is as follows:

"No expenditure involving an amount greater than $100 shall be made except in accordance with the provisions of a written contract."

The question then presented is whether section 1061, supra, applies to a lease to a school district when the expenditure involved an amount greater than $100. In San Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763, the syllabus is as follows:

"Where a city rents a room for one year, with the right of renewal, at a rental payable quarterly, and the officers of the city occupy the room and the rent is paid by the city for several years, no agreement for the creation of a tenancy from year to year will be implied, and the city will be bound only for the time the room is occupied."

The opinion of the court is, in part, as follows:

"This brings us to the question, will the law imply a contract as against a municipal incorporation? * * * When the authority is conferred upon a body of officers such a city council, they must act together in formal meeting, so as to secure proper discussion and deliberation upon the measures which are brought before them. To imply a contract from the informal action of individual members of the body or other officers of the corporation would be not only to recognize an authority not conferred by law, and to thwart the will of the Legislature, but also to break down a safeguard erected for the protection of the city and its inhabitants against the inconsiderate action of its officers. It may be that when a municipal corporation has received the benefit of a contract, which it had the power to make, but which was not legally entered into, it may be compelled to do justice, and to pay the consideration, or at least to pay for what it has received. In such cases it is said that the law will imply a contract. But we think it contrary to sound principles to imply a contract in any other case."

See, also, Sluder v. City of San Antonio (Tex. Civ. App.), 269 S. W. 463.

Each of the foregoing cases involved the liability of a strictly municipal corporation; whereas, a school district is rather a quasi public corporation. McQuillan on Municipal Corporations, vol. 7, § 113. However, that school districts, no less than purely municipal corporations, are bound by legislative restrictions upon their contracts, appears to be the rule:

"The powers of a school district are derived wholly from the statutes; and all powers must be exercised in substantial conformity with the statutes applicable." McQuillen on Municipal Corporations, vol 1, § 114.

"Where there is a statute requiring that a contract be reduced to writing, there can be no presumption of an intention to con-

summate the contract in any other form." McRae v. Farquhar & Albright Co., 168 Ark. 38, 269 S. W. 375.

"A contract with a school district can only be made in writing, as provided in the statute, and anything short of that is not a contract." Metz v. Warrick, 217 Mo. App. 504, 269 S. W. 626.

Accordingly, under a Missouri statute requiring the contracts of school districts to be in writing, it has been universally held that the terms of the statute should be enforced; and it is also held that—

"If the statute forbidding public bodies from entering into contracts except in writing, is to have any effective enforcement, it will be necessary to deny the right of recovery for the value of services rendered on the ground of any implied undertaking." Perkins v. Independent School District, 99 Mo. App. 483, 74 S. W. 122.

In the case at bar, appellant had made the monthly payments of the rental due for the period occupied after the expiration of the first year's lease. We are therefore not called upon to decide whether the law, which always intends justice, implies a promise to pay for services received, or whether the distinction should apply between property received and services rendered, which was discussed by Chief Justice Field in Argentiv. San Francisco, 16 Cal. 255 (Dillon, Municipal Corporations [5th Ed] vol. 2, § 794). "The law never implies a promise to pay unless some duty creates such an obligation, and more especially it never implies a promise to do an act contrary to duty or contrary to law." Burrill v. Boston, Fed. Cas. No. 2,198, 2 Clifford, C. C. 590, 596; Dillon, Municipal Corporations (5th Ed.) vol. 2, § 795. Had Lamro independent school district chosen to avail itself of the privilege of renting for another year the premises occupied by it, at the conclusion of the term lawfully contracted for, it could only have done so by contract. That contract both duty and statute requires to be in writing.

At the close of all the testimony, both parties moved for a directed verdict without reservation of any rights to go to a jury. The learned trial judge treated the making of said motions as a submission of all issues to the court, dismissed the jury, and later made findings and conclusions and entered judgment in favor of respondent. From this judgment and from an order denying his

motion for a new trial, appellant has appealed. From our view of the law above set out it follows that the findings, which are not challenged in this case, do not support the judgment of the court, and would not support any judgment excepting a judgment in favor of appellant dismissing respondent's cause of action with prejudice and with costs.

The judgment and order appealed from must be and are reversed, and the cause remanded, with directions to the trial court to enter judgment on the findings in favor of appellant as above set out and in harmony with this opinion.

CAMPBELL, P. J., and GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.