James GOODYEAR, Appellant,

v.

The JUNIOR COLLEGE DISTRICT OF ST. LOUIS, St. Louis County, Missouri, a Public School Corporation, Respondent.

No. 37306.

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 17, 1976.

Paskal, Edwards, Olian & Hadican, Lawrence Permuter, Clayton, for appellant.

Armstrong, Teasdale, Kramer & Vaughan, Frank N. Gundlach, Ed L. Noel, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff James Goodyear appeals from dismissal of his petition in quantum meruit to recover for services performed for defendant. Defendant moved to dismiss with prejudice for failure to state a claim upon which relief can be granted.

Section 432.070, RSMo 1969, states: "No . . . school district . . . shall make any contract . . . unless the same . . . shall be in writing . . . ." Missouri courts have uniformly interpreted this statute to preclude recovery against school districts on quantum meruit or any theory of implied contract. *Metz v. Warrick*, 217 Mo.App. 504, 269 S.W. 626[2–4] (1925); *Hoevelman v. Reorganized School District R2 of Crawford County*, 452 S.W.2d 298[4–6] (Mo.App.1970).

The requirements of § 432.070 are mandatory and not merely directory. *Hoevelman, supra*, l.c. 301. Otherwise, the requirement that contracts subject to

§ 432.070 be written would be ineffective. *Pfitzinger v. Johnson*, 177 S.W.2d 713[7–9] (Mo.App.1944).

As the court in *Miller v. Alsbaugh*, 2 S.W.2d 208[4, 5] (Mo.App.1928) said, "The fact that the school district got the benefit of the work . . . does not give any right of action against the district." When an individual seeks to contract to work for a school district without complying with § 432.070 he does so at his own risk. *Metz, supra,* l.c. 627.

Plaintiff contends defendant has waived immunity from suit on the basis of language in § 178.770, RSMo 1969, which says a school district "may sue and be sued." Plaintiff has ignored the final phrase of that statute which says "except as herein otherwise provided."

Judgment affirmed.

DOWD and STEWART, JJ., concur.