STATE of Missouri ex rel. Souder F. TATE, Prosecuting Attorney of Douglas County, Relator,

v.

The Honorable Al F. TURNER, Circuit Judge of the 44th Judicial Circuit, and Tommy Roberts, Circuit Clerk of Douglas County, Respondents.

No. 16805.

Missouri Court of Appeals, Southern District, Division One.

May 16, 1990.

Souder F. Tate, Pros. Atty. of Douglas County, Ava, for relator.

Michael J. Patton, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for respondents.

PREWITT, Judge.

On January 26, 1990, respondent Al F. Turner as presiding judge of the 44th Judicial Circuit ordered respondent Roberts, the Circuit Clerk of Douglas County and the custodian of the Law Library Fund, to transfer $3,500 from that fund to the General Funds of Douglas County. Relator then filed on February 5, 1990, a petition in prohibition requesting this court to prohibit respondents from transferring the funds.

On February 6, 1990, a preliminary order was issued here ordering respondents to take no action to enforce or carry out the order of January 26, 1990. Judge Turner duly filed an answer in accordance with the preliminary order and both relator and Judge Turner have filed briefs. Respondent Roberts has not responded to the order. Relator's standing to bring this action is not questioned.

Section 514.470, RSMo Supp.1989, provides that the "circuit judge or judges of the circuit court in any county of the second, third or fourth class in this state may by rule of court require the attorney or attorneys for any party filing suit" in certain civil matters to deposit with the clerk of the court a sum not to exceed ten dollars. No summons shall issue until the deposit has been made. Section 514.480, RSMo Supp.1989, says that "said [law library] fund shall be applied and expended under the direction and order of the circuit judge or judges of the circuit court of any such county for the maintenance and upkeep of the law library".

Pursuant to § 514.470, RSMo Supp.1989, respondent Roberts collects $5.00 at the time of filing of certain civil proceedings in

the Circuit Court of Douglas County. As provided in § 514.480, RSMo Supp.1989, respondent Roberts, as custodian, places the funds in the Douglas County Law Library Fund.

In a letter of even date conveying his order of January 26, 1990, Judge Turner stated that the funds transferred would be "used for the Sheriff's Department." Apparently he contemplated that they would be used to increase the salary of certain personnel in the sheriff's office.

Judge Turner seeks to justify his order based on either of two statutes, § 50.020, RSMo 1986, and § 478.240.2, RSMo Supp. 1989. Section 50.020 provides:

> **Transfer of county funds.**—Whenever there is a balance in any county treasury in this state to the credit of any special fund, which is no longer needed for the purpose for which it was raised, the county commission may, by order of record, direct that said balance be transferred to the credit of the general revenue fund of the county, or to such other fund as may, in their judgment, be in need of such balance.

The portion of § 478.240.2 upon which Judge Turner relies states as follows:

> "Subject to the authority of the supreme court and the chief justice under article V of the constitution, the presiding judge of the circuit shall have general administrative authority over all judicial personnel and court officials in the circuit...."

Certain general principles are relevant here. The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words of the statute in light of their plain and ordinary meaning. *Cook v. Pedigo,* 714 S.W.2d 949, 951–952 (Mo.App. 1986); *Brooks v. Pool–Leffler,* 636 S.W.2d 113, 116 (Mo.App.1982). When a statute directs performance of certain acts by an enumerated class of persons, it implies that persons not included have no authority to perform the act. *Brooks,* 636 S.W.2d at 117.

The use of "shall" in a statute is generally interpreted as mandatory. *State v. Conz,* 756 S.W.2d 543, 546 (Mo.App. 1988); *Citizens for Rural Preservation v. Robinett,* 648 S.W.2d 117, 132 (Mo.App. 1982). The provisions of a specific statute prevail over a general one. *State ex rel. City of Springfield v. Crouch,* 687 S.W.2d 639, 641 (Mo.App.1985).

Section 514.480 states that the funds collected for the law library fund "shall be applied and expended under the direction and order of the circuit judge or judges of the circuit court ... for the maintenance and upkeep of the law library". No other purpose is authorized. Section 50.020 relied on by Judge Turner allows "the county commission" to transfer certain funds. However, here the county commission did not do so, and these funds are not under the county commission's control. Section 50.020 does not authorize anyone but the county commission and has no application to an attempted transfer by a circuit judge. Section 478.240.2 gives the presiding circuit judge general authority, but the specific wording of § 514.480 on the use of the fund controls.

This is not a fund created by taxation, as that term is ordinarily used, but is paid by "the attorney or attorneys for any party filing suit". § 514.470, RSMo Supp.1989. The order would make attorneys or litigants in civil matters bear part of the cost of operating the sheriff's office in matters which appear to have little or no relationship to civil matters and are beyond the sheriff's services in civil cases, fees for which are otherwise provided. See § 57.280, RSMo Supp.1989. Nothing indicates that the legislature could or did anticipate that result.

Section 514.480 specifically provides how the funds shall be used, and however laudable Judge Turner's intentions may have been, he had no authority to transfer the funds for another use.

The preliminary order is made absolute.

CROW, P.J., and PARRISH, J., concur.