**NATIONAL OIL & SUPPLY, INC., Plaintiff–Appellant,**

v.

**VAUGHTS, INC., d/b/a Southern Missouri Construction Co., Defendant,**

**and**

**C.L. Robinson, Alden Hembree and Stan White, Defendants–Respondents.**

No. 18448.

Missouri Court of Appeals, Southern District, Division Two.

July 2, 1993.

Bruce McCurry, Dickey, Allemann, Chaney & McCurry, Springfield, for plaintiff-appellant.

W. Douglas Harpool, Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendants-respondents.

PREWITT, Judge.

Plaintiff–Appellant sold material to Vaughts, Inc., which was used in resurfacing roads under an agreement between Vaughts, Inc. and Stone County acting through defendants-respondents, Stone County's commissioners. Appellant stated in its petition that respondents failed to require a payment bond pursuant to § 107.-170, RSMo 1986. Appellant and respondents each filed a motion for summary judgment. The trial court denied appellant's motion and entered summary judgment for respondents.[1]

Vaughts, Inc. performed the work and was paid for it. Appellant's contention in the trial court and here is that under § 107.170, respondents are liable as they should have required Vaughts, Inc. to secure a payment bond. That section is set out marginally.[2]

---

[1]. Vaughts, Inc. made an "offer of judgment" for $39,318.59 which plaintiff accepted. The trial court entered "Judgment" accordingly.

[2]. **Bond—public works contractor.—1.** It is hereby made the duty of all officials, boards, commissions, commissioners, or agents of the state, or of any county, city, town, township, school, or road district in this state, in making contracts for public works of any kind to be performed for the state, or for such county, city, town, township, school or road district, to require every contractor for such work to furnish to the state, or to such county, city, town, township, school or road district, as the case may be, a bond with good and sufficient sureties, in an amount fixed by said officials, boards, commissions, commissioners, or agents of the state, or of such county, city, town, township, school or road district, and such bond, among other conditions, shall be conditioned for the payment of any and all materials, lubricants, oil, gasoline, grain, hay, feed, coal and coke, repairs on machinery, groceries and foodstuffs, equipment and tools, consumed or used in connection with the construction of such work, and all insurance premiums, both for compensation, and for all

The purpose of § 107.170 is "to give a right of action on the bond of the contractor to every person who would have a right to file and enforce a mechanic's lien" except for the fact that public property is exempt from operation of the mechanic's lien law. *Energy Masters Corp. v. Fulson*, 839 S.W.2d 665, 668 (Mo.App. 1992).[3]

Section 107.170 has the additional purposes "of facilitating the construction of public work and preventing unjust enrichment of those who receive a material benefit." *Redbird Engineering v. Bi–State Dev.*, 806 S.W.2d 695, 701 (Mo.App.1991).

Cases state that if public officials do not require the bond under § 107.170, the officials are personally liable. *Energy Masters*, 839 S.W.2d at 670. Respondents do not contest that principle except to assert that as there was no written contract between the county and Vaughts, Inc. as required by § 432.070, RSMo 1986, they had no obligation to require a bond. Section 432.070 is set forth below.[4]

Respondents primarily rely upon *Metz v. Warrick*, 217 Mo.App. 504, 269 S.W. 626 (1925), and to a lesser extent, *Allen v. Butler County*, 743 S.W.2d 527 (Mo.App. 1987). *Allen* involved § 432.070 and respondents rely on the portions of it, stating that a written contract with a public entity is mandatory, and that all persons are charged with knowledge that in order to recover payment from a county there must be a written contract. 743 S.W.2d at 529. That case was an action to recover for services Allen allegedly performed at the request of the sheriff of Butler County. The case did not involve § 107.170, and although it states the law in the particulars with which it was concerned, it is not controlling here.

*Metz* was decided by a predecessor to this district, the Springfield Court of Appeals. It was an action upon a contractor's bond. Warrick, the principal in the bond, had built an addition to a schoolhouse for a Butler County school district. Plaintiff sold him materials to use in doing the work but Warrick did not pay plaintiff. The sureties on the bond defended, contending that the agreement Warrick had with the school district was void because there was no written contract. The court concluded as there was no contract between Warrick and the school district, the sureties were not liable as they could not be bound to guarantee performance of a contract that did not exist. The court reasoned that as the contract was void, the bond also had no validity. Plaintiff's recovery was denied.

Based on *Metz*, respondents assert that they were not required to secure a bond, and that even had they done so appellant could not recover on the bond because there was no written contract. Respondents argue that by failing to comply with § 432.070, they are relieved of getting a bond and not liable for not requiring it.

*Metz* appears to be out of line with the general holdings in this country. See An-

other kinds of insurance, on said work, and for all labor performed in such work whether by subcontractor or otherwise.

2. All bonds executed and furnished under the provisions of this section shall be deemed to contain the requirements and conditions as herein set out, regardless of whether the same be set forth in said bond, or of any terms or provisions of said bond to the contrary notwithstanding.

3. A person performing work on real property does not have to have a written contract to assert a mechanic's lien nor does a materialman lose such a lien because the principal contractor does not have its agreement with the owner in writing. *See Bruce v. Berg*, 8 Mo.App. 204, 206 (1879); *Louisiana and Gulf Lumber Co. v.*

*Myers*, 87 Mo.App. 671 (1901); 56 C.J.S. Mechanic' Liens § 79, p. 101 (1992); § 429.010, RSMo Supp.1992.

4. **Contracts, execution of by counties, towns— form of contract.**—No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

notation, *Right of person furnishing material or labor to maintain action on contractor's bond to owner or public body, or on owner's land to mortgagee,* 77 A.L.R. 21, 192–195 (1932). The general rule is that the invalidity of the contract between the public body and the contractor does not defeat the right of a materialman to recover on a bond, at least where the claimant had no knowledge of the invalidity of the contract. *Id.* at 192. There is no indication in the record or contention that appellant had any knowledge of the infirmity of the contract here. A surety may be estopped from asserting the invalidity of the contract as against a materialman who in good faith furnished materials in reliance upon a bond. *Id.* at 194.

A case more consistent with the purposes of § 107.170, is *Kansas City ex rel. Diamond Brick & Tile Co. v. Schroeder,* 196 Mo. 281, 93 S.W. 405 (1906). There, the court held that where a municipal contract for paving had been fully executed, the contractor and his sureties could not defend an action for material used in the performance of the work on the ground that the contract was void.

One wrong, not requiring the bond, would have made respondents liable. However, according to respondents, the additional wrong of not making the contract in writing relieves them of that liability. Their defense is based upon their violation of § 432.070. They agree they would have been liable to appellant if they had complied with that section.

We believe *Metz* was incorrect and should no longer be followed. The absence of a written contract does not make a bond unnecessary, nor relieve respondents of liability, where as here work was performed pursuant to an agreement with the county, and appellant in good faith furnished materials for the work.

The judgment is reversed and the cause remanded. The trial court is directed to set aside the summary judgment in favor of respondents and to enter judgment for appellant and against respondents in accordance with appellant's motion for summary judgment.

MONTGOMERY, P.J., and GARRISON, J., concur.