The Honorable Emanuel Cleaver II Mayor, City of Kansas City 29th Floor, City Hall 414 E. 12th St. Kansas City, MO 64106-2778
Dear Mayor Cleaver:
You have requested an opinion of this office relating to the Sunshine Law's application to records of the Kansas City Municipal Division of the Circuit Court of Jackson County, Missouri. Your questions relate to the authority of the City Auditor to inspect records of the Municipal Division which are inaccessible to the general public. You further state: "The City Auditor has asked to inspect records of the Municipal Division that reflect the number of cases that have been nolle prossed by the City Prosecutor or otherwise dismissed in favor of the defendant. This request was made as part of an audit of the work of the Municipal Division, the Court Administrator's office, and the City Prosecutor. The City Auditor has been told by the Presiding Judge of the Circuit Court of Jackson County that no records reflecting cases that were nolle prossed or dismissed by the Municipal Division will be made available."
Your questions apparently relate to records which have been closed pursuant to Section 610.105, RSMo 1994. Such section provides:
 610.105. Effect of nolle pros — dismissal — sentence suspended on record. — If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except that the disposition portion of the record may be accessed for purposes of exculpation and except as provided in section 610.120.
Section 610.120, RSMo 1994, lists the persons to whom such closed records may be made available. Section 610.120 provides in part:
 610.120. Records to be confidential — accessible to whom, purposes — child care, defined. — 1. Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section and section 43.507, RSMo. They shall be available to the sentencing advisory commission created in section 558.019, RSMo, for the purpose of studying sentencing practices, and only to courts, law enforcement agencies, child care agencies, department of revenue for driving record purposes, facilities as defined in section 198.006, RSMo, in-home services provider agencies as defined in section 660.250, RSMo, the division of workers' compensation for the purposes of determining eligibility for crime victims' compensation pursuant to sections 595.010 to 595.075, RSMo, and federal agencies for purposes of prosecution, sentencing, parole consideration, criminal justice employment, child care employment, nursing home employment and to federal agencies for such investigative purposes as authorized by law or presidential executive order. . . .
Section 610.120 enumerates the persons to whom records closed under Section 610.105 shall be made available. The City Auditor for the City of Kansas City is not included in any of the listed categories of persons. When a statute directs performance of certain acts by an enumerated class of persons, it implies that persons not included have no authority to perform the act.State ex rel. Tate v. Turner, 789 S.W.2d 240, 241
(Mo.App. 1990). Because the City Auditor is not included in the Section 610.120 list of persons to whom such records may be made available, and no authority to review the records is granted to the City Auditor in any other statutory or constitutional provision, the City Auditor has no authority to review the closed records.
Even though the City Auditor does not have the authority to review these closed records, this does not mean that the Municipal Division is unaudited. In Missouri Attorney General Opinion No. 7-83, a copy of which is enclosed, this office examined the structure of the courts as a result of the "Judicial Article Amendment" adopted August 3, 1976, and effective January 2, 1979. As stated on page 3 of that opinion:
 These changes have made the circuit courts agencies of the State of Missouri. Accounts of the circuit courts and all divisions of the circuit courts in the custody of officers or employees of the circuit courts, e.g., circuit and division clerks, are subject to audit [by the State Auditor] pursuant to Article IV, Section 13, Missouri Constitution, and Section 29.200, RSMo 1978.
Furthermore, on page 5 of the opinion, this office stated:
 The language employed by the General Assembly in establishing each of the divisions of the circuit courts, including the juvenile, municipal, and probate divisions, shows a clear intent that each of the limited jurisdiction divisions is but a part of the circuit court. Because each such division is vested with elements of the State's judicial power pursuant to Article V, Section 1, Missouri Constitution, we believe the State Auditor's duty to audit extends to the circuit courts and all divisions thereof. [Emphasis added.]
See also, Missouri Attorney General Opinion No. 170-90, a copy of which is enclosed, specifically addressing the Sixteenth Judicial Circuit, which includes the Kansas City Municipal Division, and concluding the State Auditor is authorized to audit the Sixteenth Judicial Circuit.[1]
Sincerely,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Our conclusion with respect to the City Auditor should not be interpreted as applying to the State Auditor. Although the State Auditor is not listed in Section 610.120, she derives her audit power primarily from the state constitution, Article IV, Section 13, and Chapter 29, RSMo 1994.