**JOHNSON CONTROLS, INC.,**
**Plaintiff–Appellant,**

v.

**CITIZENS MEMORIAL HOSPITAL DISTRICT, Wayne Wilson, Joe Shelton, Kerry Douglas, David Hacker, Norman Presley, and Richard Magnuson, Defendants–Respondents.**

No. 21185.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 29, 1997.

Deborah R. Swank, Ben R. Swant, Jr., Niewald, Waldeck & Brown, Kansas City, for Plaintiff–Appellant.

Todd A. Johnson, Lester J. Boyle, III, Ellis & Ellis, P.C., Springfield, for Defendants–Respondents.

PREWITT, Judge.

Plaintiff alleged it had furnished certain labor and materials for which it was not paid to a subcontractor performing work on additions and alterations to a hospital operated by the Citizens Memorial Hospital District. Plaintiff sought to impose liability upon Defendants for failing to require the principal contractor to furnish a payment bond, as provided in Section 107.170, RSMo Supp.1993 (since amended, see Section 107.170, RSMo Supp.1995).

Citizens Memorial Hospital District is a public hospital district organized under Chapter 206, RSMo 1994, "Hospital District Law." Pursuant to Defendants' motion to dismiss, the trial court concluded that Defendants are not required to comply with Section 107.170, entering judgment in favor of Defendants. Plaintiff appeals.

Section 107.170.1, RSMo Supp.1993, states:

It is hereby made the duty of all officials, boards, commissions, commissioners, or agents of the state, or of any county, city, town, township, school, or road district in this state, in making contracts for public works of any kind to be performed for the state, or for such county, city, town, township, school or road district, to require every contractor for such work to furnish to the state, or to such county, city, town, township, school or road district, as the case may be, a bond with good and sufficient sureties, in an amount fixed by said officials, boards, commissions, commissioners, or agents of the state, or of such county, city, town, township, school or road district, and such bond, among other conditions, shall be conditioned for the payment of any and all materials, lubricants, oil, gasoline, grain, hay, feed, coal and coke, repairs on machinery, groceries and foodstuffs, equipment and tools, consumed or used in connection with the construction of such work, and all insurance premiums, both for compensation, and for all other kinds of insurance, on said work, and for all labor performed in such work whether by subcontractor or otherwise. The word "contractor" as used in this section shall not include professional engineers or archi-

tects licensed pursuant to chapter 327, RSMo.

■ Plaintiff contends that Citizens Memorial Hospital District and its individual board members, under Section 107.170, must require a payment bond as "agents of the state." Thus, the question presented is whether a hospital district formed under Chapter 206 is included in Section 107.170, as "agents of the state." [1]

■ Section 107.170 is to be construed broadly in order to carry out its purpose. *Maurer v. Werner*, 748 S.W.2d 839, 842 (Mo. App.1988). The purposes of this statute are: (1) to provide a remedy to entities who would have a right to file and enforce a mechanic's lien except that public property is involved; (2) to facilitate construction of public works; and (3) to prevent unjust enrichment of those who receive a material benefit from a material furnisher or subcontractor. *Nat'l Oil & Supply v. Vaughts, Inc.*, 856 S.W.2d 912, 914 (Mo.App.1993).[2]

■ Those who are required to have a payment bond furnished under Section 107.170 and do not do so are personally liable. *Id.* In construing a statute we give words their plain meaning. *Maudlin v. Lang*, 867 S.W.2d 514, 516 (Mo. banc 1993). The objective is to determine the intent of the legislature from the language used. *Id.* When a statute directs performance to an enumerated class it implies that those not enumerated are not included. *State ex rel. Tate v. Turner*, 789 S.W.2d 240, 241 (Mo. App.1990). Hospital districts are not expressly set forth in the statute, which Appellant acknowledges, but Appellant claims that they are included as agents of the State.

In contending the hospital district is an agent of the state, Plaintiff primarily relies on *Redbird Eng'g Sales, Inc. v. Bi–State Dev. Agency of Missouri–Illinois Metro. District*, 806 S.W.2d 695 (Mo.App.1991). In *Redbird*, the Court concluded that Section 107.170 was unambiguous. 806 S.W.2d at 700. The Court stated:

In its normal and usual meaning, the word "agent" refers to one who consents with another, the principal, for the agent to act on the principal's behalf and to be subject to the principal's control. [citations omitted] An "agent" is "[o]ne who acts for or in place of another by authority from him; a substitute, a deputy, appointed by a principal with power to do the things which the principal may do. [citation omitted]"

The Court also considered the significance in the legislature using "agency" in creating the Bi–State Development Agency of Missouri–Illinois Metropolitan District. *See* §§ 70.370 through 70.441, RSMo 1994. The Court concluded that it "cannot discard the word 'agency' arbitrarily by assuming it was inappropriately chosen by the legislature." 806 S.W.2d at 700. There is no contention that similar language exists in Chapter 206, the statute under which a hospital district is formed. Thus, *Redbird* does not encompass an identical situation.

Plaintiff also asserts that Section 70.120(3), RSMo 1994, defines "political subdivision" as: "any agency or unit of the state which now is, or hereafter shall be, authorized to levy taxes or empowered to cause taxes to be levied." That definition is of no aid to Plaintiff as it is limited to Sections 70.120 through 70.200, concerning "Rural Resettlement or Rehabilitation Agreements." *See* § 70.120, RSMo 1994.

Within the plain meaning of the statute we conclude that the public hospital district is

1. Section 107.170 currently provides that all public entities for public works in excess of $25,-000 require a payment bond; public entity includes certain specified governmental subdivisions "or other political subdivision of this state." *See* § 107.170, RSMo Supp.1995. In its reply brief, Plaintiff contends that the amendment broadening the coverage of the statute should be applied retroactively. As this contention was not made in Appellant's initial brief, it is not before us. Claims of error set forth for the first time in a reply brief are not preserved for appellate review. *Hall v. Mo. Highway & Transportation Comm'n*, 861 S.W.2d 720, 722 n. 2 (Mo.App.1993).

2. The parties appear to agree that a mechanic's lien was not available to Plaintiff. Therefore, this opinion assumes, without this court deciding, that property owned by a hospital district is public property and not subject to the mechanic's lien law.

not an agent of the State as agent is above defined. We find no indication that a hospital district acts on the State's behalf. It is not controlled by the State except to the limited degree in the statute in enacting and allowing such districts. Although the hospital district gets its authority to exist from the State, the State did not create it and there is no indication that it acts for the State. It works for the benefit of those in the area who need hospital and medical care. *See* § 206.110, RSMo 1994.[3]

The judgment is affirmed.

GARRISON, P.J. and CROW, J., concur.

---

**3.** We do not reach the contention of Defendants that the amendment to § 107.170, RSMo Supp. 1995, providing that the statute cover "other political subdivision of this state" establishes that the statute did not earlier cover all subdivisions. Nevertheless, such change may not affect the individual defendants. The holding of *S & W Cabinets, Inc. v. Consol. Sch. Dist. No. 6 of Jefferson County*, 901 S.W.2d 266 (Mo.App.1995), is that § 107.170, as previously written, imposes a duty on the board of a school district but not on the school district itself. *Id.* at 268.